# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-17-00787-CR

---

**Colby Ray Williamson, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 15-1493-K26, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Colby Ray Williamson of felony murder, *see* Tex. Penal Code § 19.02(b)(3), and assessed his punishment at confinement for life in the Texas Department of Criminal Justice, *see id.* §§ 12.32, 19.02(c). In two points of error, appellant complains about error in the jury charge. Finding no error, we affirm the trial court's judgment of conviction.

## BACKGROUND[1]

While driving a friend's car, appellant fled from a police officer attempting to initiate a traffic stop. During the pursuit, appellant "wrecked out," crashing the car into a fire

---

[1] Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we provide only a general overview of the facts of the case here. We provide additional facts in the opinion as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4. The facts recited are taken from the testimony and other evidence presented at trial.

hydrant, and fled on foot. Multiple officers then became involved in the pursuit of appellant. Sergeant Chris Kelley located appellant sitting on the front porch of a house in a nearby neighborhood. The officer approached appellant and questioned him. He then went behind appellant to handcuff him. When Sergeant Kelley began to place handcuffs on appellant, appellant struggled and knocked the officer to the ground. He then ran to the officer's patrol car and got in the driver's seat.

Sergeant Kelley chased after appellant and attempted to remove him from the patrol car. During the ensuing struggle, appellant put the car in reverse. Sergeant Kelley was knocked down, and appellant "ran over" him. Appellant then drove off but abandoned the car a short distance away and fled on foot. Almost immediately, other officers arrived on the scene to pursue appellant and to assist Sergeant Kelley—who was lying on the ground unconscious with "a lot of blood" coming from his head. When paramedics arrived on the scene, the officer had no pulse and was not breathing. Resuscitation efforts were unsuccessful. Sergeant Kelley was transported to the hospital where he was pronounced dead.[2] Officers eventually apprehended appellant and took him into custody.

Appellant was indicted for felony murder. He was subsequently re-indicted and charged in multiple counts with felony murder, evading arrest or detention with a vehicle, failure to stop and render aid, and assault on a public servant. At trial, the State opted to proceed on only the count charging felony murder. The jury found appellant guilty of "Murder, as alleged in

---

[2] Testimony from the medical examiner established "blunt force injuries to the head" as the cause of the officer's death. The autopsy demonstrated that Sergeant Kelley suffered a basilar skull fracture—a "hinge fracture," which is "a type of fracture that occurs where the fracture goes from one side of the head to the other, basically making your head into a hinge." The medical examiner explained that such a facture is "an extensive, very severe fracture that no one survives" and that Sergeant Kelley "would have died fairly rapidly after [receiving the injury]."

2

the indictment" and assessed his punishment at life in prison. The trial court sentenced appellant in accordance with the jury's verdicts. Appellant filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## DISCUSSION

Appellant raises two points of error complaining about error in the jury charge. First, he asserts that the trial court erred in denying his request for an instruction on the lesser-included offense of manslaughter. Second, appellant contends that the trial court erred by failing to include the culpable mental states in the application paragraph and by providing incorrect definitions of "intentionally" and "knowingly" in the abstract portion of the charge.

### Standard of Review

We review alleged jury charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Arteaga v. State*, 521 S.W.3d 329, 333 (Tex. Crim. App. 2017); *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). The degree of harm required for reversal depends on whether the jury charge error was preserved in the trial court. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016); *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (setting forth procedure for appellate review of claim of jury charge error). If the jury charge error has been properly preserved by an objection or request for instruction, reversal is required if the appellant has suffered "some harm" from the error. *Mendez v. State*, 545 S.W.3d 548, 552 (Tex. Crim. App. 2018) (citing *Almanza*, 686 S.W.2d at 171). If the charge error was not properly preserved, the error must be "fundamental" and requires reversal only if it was "so egregious and created such harm that the defendant was

3

deprived of a fair and impartial trial." *Marshall*, 479 S.W.3d at 843 (citing *Almanza*, 686 S.W.2d at 171); *see Mendez*, 545 S.W.3d at 552.

## Lesser-Included-Offense Instruction

In his first point of error, appellant argues that the trial court erred by denying his requested jury-charge instruction on the lesser-included offense of manslaughter.

We use a two-part analysis to determine if a defendant is entitled to a jury-charge instruction on a lesser-included offense. *Ritcherson v. State*, 568 S.W.3d 667, 670 (Tex. Crim. App. 2018) (citing *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993)); *Safian v. State*, 543 S.W.3d 216, 219 (Tex. Crim. App. 2018). First, we determine whether the requested offense is a lesser-included offense of the charged offense. *Roy v. State*, 509 S.W.3d 315, 317 (Tex. Crim. App. 2017); *Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016). If so, we must decide whether the admitted evidence at trial supports giving the instruction to the jury. *Bullock*, 509 S.W.3d at 924–25 (citing *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011)); *Wortham v. State*, 412 S.W.3d 552, 554 (Tex. Crim. App. 2013).

To determine whether an offense qualifies as a lesser-included offense, we employ the cognate-pleadings approach. *Bien v. State*, 550 S.W.3d 180, 185 (Tex. Crim. App.), *cert. denied*, 139 S. Ct. 646 (2018); *see Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). Under this approach, we compare the elements of the greater offense as pled in the charging instrument to the statutory elements of the potential lesser-included offense in the abstract. *Safian*, 543 S.W.3d at 220; *Hall*, 225 S.W.3d at 535. We ask "whether the lesser-included offense is included within the proof necessary to establish the offense charged." *Safian*, 543 S.W.3d at 219–20 (quoting *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011));

4

*Hall*, 225 S.W.3d at 536; *see* Tex. Code Crim. Proc. art. 37.09(1) ("An offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]"). "[W]hen the greater offense may be committed in more than one manner, the manner alleged will determine the availability of lesser-included offenses." *Safian*, 543 S.W.3d at 220 (quoting *Hall*, 225 S.W.3d at 531). Whether an offense qualifies as a lesser-included offense is a question of law, and it does not depend on the evidence to be produced at trial. *Id.*; *Rice*, 333 S.W.3d at 144; *Hall*, 225 S.W.3d at 535.

The second step of the lesser-included-offense analysis is to determine whether there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Ritcherson*, 568 S.W.3d at 671; *Safian*, 543 S.W.3d at 220. That requirement is met if there is (1) evidence that directly refutes or negates other evidence establishing the greater offense and raises the lesser-included offense or (2) evidence that is susceptible to different interpretations, one of which refutes or negates an element of the greater offense and raises the lesser offense. *Ritcherson*, 568 S.W.3d at 671 (citing *Saunders v. State*, 840 S.W.2d 390, 391–92 (Tex. Crim. App. 1992)); *Sweed*, 351 S.W.3d at 68. This second step is a question of fact and is based on the evidence presented at trial. *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012).

Examining the elements of the charged offense, a person commits felony murder if he commits or attempts to commit a felony (other than manslaughter), and in the course of and in furtherance of or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual. Tex. Penal Code § 19.02(b)(3). Felony murder attaches no culpable mental state to the death of an individual. *See Lomax v. State*, 233 S.W.3d 302, 305, 307 (Tex. Crim. App. 2007) (concluding

5

that Penal Code section 19.02(b)(3) "plainly dispenses with a culpable mental state" concerning act of murder); *see also Nava v. State*, 415 S.W.3d 289, 293 n.1 (Tex. Crim. App. 2013) (confirming that felony murder is "an offense which lacks a culpable mental state with respect to causing death"). Therefore, to prove felony murder, the State must prove the elements of the underlying felony, including the culpable mental state for that felony; however, no proof of a culpable mental state is required for the murder committed. *See Lomax*, 233 S.W.3d at 306–07 (observing that "the very nature of the felony-murder rule is that there is no culpable mental state 'for the act of murder'"); *see also Rodriguez v. State*, 454 S.W.3d 503, 507 (Tex. Crim. App. 2014) (recognizing that felony murder is "an unintentional murder committed in the course of committing a felony").

Regarding the elements of the requested offense, a person commits manslaughter if he recklessly causes the death of an individual. Tex. Penal Code § 19.04(a). As relates to manslaughter, "[a] person acts recklessly, or is reckless, with respect to . . . the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that . . . the result will occur." *Schroeder v. State*, 123 S.W.3d 398, 401 (Tex. Crim. App. 2003) (quoting Tex. Penal Code § 6.03(c)); *see Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013) (recognizing that "[m]anslaughter is a result-oriented offense: the mental state must relate to the results of the defendant's actions").

A comparison of the elements of the two offenses demonstrates that manslaughter requires proof of an element that felony murder does not—a culpable mental state with regard to the death of the individual. Thus, manslaughter is not included within or established by proof "of the same or less than all the facts required" to prove felony murder. *See* Tex. Code Crim. Proc. art. 37.09(1). Consequently, manslaughter is not a lesser-included offense of felony

6

murder. *See Klepper v. State*, No. 01-07-00783-CR, 2009 WL 1635133, at *7 (Tex. App.—Houston [1st Dist.] June 11, 2009, pet. ref'd) (mem. op., not designated for publication) (holding that "manslaughter cannot be a lesser-included offense of felony murder" because felony murder attaches no culpable mental state to death of individual but manslaughter requires proof that appellant recklessly caused death, and thus elements of manslaughter are not established by proof of same or less than all of facts required to establish felony murder); *see also Perkins v. State*, No. 05-17-00288-CR, 2018 WL 2252420, at *2 (Tex. App.—Dallas May 17, 2018, pet. ref'd) (mem. op., not designated for publication); *Torres v. State*, No. 08-09-00165-CR, 2010 WL 3431599, at *2 (Tex. App.—El Paso Sept. 1, 2010, no pet.) (mem. op., not designated for publication); *cf. Hernandez v. State*, No. 03-08-00170-CR, 2010 WL 1632627, at *10 (Tex. App.—Austin Apr. 23, 2010, no pet.) (mem. op., not designated for publication) (concluding that criminally negligent homicide was not lesser-included offense of felony murder because criminally negligent homicide could not be proved by same or less than facts required to prove alleged felony murder since it required proof that appellant caused death by criminal negligence but felony murder required no proof of appellant's culpable mental state with regard to death).

Appellant contends, however, that *Lomax*'s holding—that the felony-murder statute dispenses with a culpable mental state with respect to causing death—does not apply here because the wording of the indictment in this case included otherwise inapplicable mental states.[3]

---

[3] The original indictment alleged that appellant

*intentionally or knowingly* committed or attempted to commit an act clearly dangerous to human life, to wit: driving a motor vehicle over, into, or onto Christopher Kelley, that caused the death of Christopher Kelley, and the defendant was then and there in the course of intentionally or knowingly committing a felony, to-wit: Unauthorized Use of a Motor Vehicle or Evading Arrest or Detention in a Motor Vehicle, and said death of Christopher Kelley was

7

He argues that the addition of the non-statutory *mens rea* of "intentionally or knowingly"

required the State to prove that he intentionally or knowingly caused Sergeant Kelley's death.

Thus, appellant maintains that manslaughter is a lesser-included offense because "it differs from

the offense charged only in the respect that a less culpable mental state suffices to establish its

commission." *See* Tex. Code Crim. Proc. art. 37.09(3). However, this argument is based on the

language in the original indictment, which was replaced by the subsequent indictment.[4] The

subsequent indictment did not contain any superfluous language concerning culpable mental

states but instead tracked the language of the felony-murder statute. Thus, contrary to

appellant's contention, the charged felony murder did not require proof of a culpable mental state

relating to causing Sergeant Kelley's death. However, the requested offense of manslaughter

required proof that appellant recklessly caused the officer's death.

---

> caused while the defendant was in the course of and in furtherance of or in immediate flight from the commission or attempt of said felony[.]

(emphasis added). Appellant contends that the emphasized language incorporated a culpable mental state into the felony murder charged here.

[4] In the subsequent indictment, the felony-murder count alleged that appellant

> committed or attempted to commit a felony, namely, Aggravated Assault on a Public Servant and/or Unauthorized Use of a Motor Vehicle, and in the course of and in furtherance of the commission or attempt of said felony, or in immediate flight from the commission or attempt, the defendant committed or attempted to commit an act clearly dangerous to human life, namely, driving a motor vehicle over, into, or onto Christopher Kelley, that caused the death of Christopher Kelley, an individual[.]

The fact that the case was re-indicted was discussed during a pretrial hearing. More importantly, at the beginning of trial, appellant was arraigned for felony murder as indicted in the subsequent indictment. *See* Tex. Code Crim. Proc. art. 36.01(a).

In sum, manslaughter is not a lesser-included offense of the charged offense of felony murder because the former requires a culpable mental state with regard to the death caused while the latter does not; thus, manslaughter is not established by proof of the same or less than all the facts required to prove the felony murder. Therefore, the trial court did not err in denying appellant's request for a jury-charge instruction on manslaughter. Accordingly, we overrule appellant's first point of error.

## Application Paragraph

In his second point of error, appellant complains about the application paragraph of the jury charge and, relatedly, about the definitions of the culpable mental states in the abstract portion of the charge. Specifically, he asserts that the trial court erred in failing to include the culpable mental states in the application paragraph and maintains that the trial court erred in not limiting the definitions of "intentionally" and "knowingly" to the "result of conduct" because "murder is a result-of-conduct" offense. Appellant did not raise these objections at trial.

"The application paragraph is the portion of the jury charge that applies the pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations." *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). The application paragraph in the jury charge in this case instructed the jury as follows:

> Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the Defendant, COLBY RAY WILLIAMSON, on or about June 24, 2015, in Williamson County, Texas, did then and there commit or attempt to commit a felony, namely, Unauthorized Use of a Motor Vehicle, and in the course of and in furtherance of the commission or attempt of said felony, or in immediate flight from the commission or attempt of said felony, he committed or attempted to commit an act clearly dangerous to human life, namely, driving a motor vehicle over, into, or onto Christopher Kelley, that caused the death of Christopher Kelley, an individual, then you will

9

find the defendant guilty of Murder, as charged in the indictment, and say so by your verdict.

But if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the Defendant of the offense of Murder, as alleged in the indictment, and say by your verdict, "Not guilty."

The above language tracked the subsequent indictment, which tracked the language of the felony-murder statute. *See* Tex. Penal Code § 19.02(b)(3).

In criminal cases, the jury must find every constituent element of the charged offense. *Jourdan v. State*, 428 S.W.3d 86, 94 (Tex. Crim. App. 2014). Thus, the jury charge "must contain an accurate statement of the law and must set out all the essential elements of the offense." *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995). The essential elements of felony murder are (1) an attempted or committed underlying felony (other than manslaughter), (2) an attempted or committed act clearly dangerous to human life, (3) the death of an individual, (4) causation (the dangerous act causes the death), and (5) a connection between the underlying felony and the dangerous act ("in the course of and in furtherance of . . . or in immediate flight from"). *Contreras v. State*, 312 S.W.3d 566, 583–84 (Tex. Crim. App. 2010); *see* Tex. Penal Code § 19.02(b)(3). The application paragraph of the jury charge in this case instructed the jury to find appellant guilty of murder if they found the requisite statutory elements of felony murder beyond a reasonable doubt under the facts of this case. *See Vasquez v. State*, 389 S.W.3d 361, 367 (Tex. Crim. App. 2012) (explaining that application paragraph "specifies the factual circumstances under which the jury should convict or acquit").

Appellant argues that the application paragraph was erroneous because it "wholly omitted a *mens rea*, as alleged in the indictment." This argument, however, relates back to the original indictment. As noted previously, the original indictment was replaced by a subsequent

10

indictment that did not contain superfluous language concerning culpable mental states. The application paragraph in the jury charge tracked the subsequent indictment, which tracked the language of the felony-murder statute. Because felony murder dispenses with the element of a culpable mental state, we find no error in the omission of the culpable mental states in the application paragraph. *See Alegria v. State*, No. 14-14-00806-CR, 2016 WL 93718, at *2–3 (Tex. App.—Houston [14th Dist.] Jan. 7, 2016, pet. ref'd) (mem. op., not designated for publication) (holding that because no culpable mental state is required to be proven for felony murder, trial court did not err in failing to include *mens rea* instruction for felony murder in application paragraph of jury charge).

Further, in addition to correctly setting forth the requisite elements of felony murder in the application paragraph, the trial court included an instruction on the statutory elements of the underlying felony, unauthorized use of a motor vehicle, including the requisite culpable mental states for that offense, in the abstract portion of the jury charge.[5] To the extent that appellant complains in his second point of error that the *mens rea* element for the underlying felony should have been repeated in the application paragraph of the jury charge, we disagree.

The Court of Criminal Appeals has explained that a jury charge is adequate

> if it either contains an application paragraph specifying all of the conditions to be met before a conviction under such theory is authorized, or contains an application paragraph authorizing a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs.

---

[5] During the jury-charge conference, after both sides rested and closed, the State abandoned the indictment allegation relating to the commission or attempted commission of the underlying felony of aggravated assault on a public servant.

11

*Plata v. State,* 926 S.W.2d 300, 304 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State,* 953 S.W.2d 234 (Tex. Crim. App. 1997); *see Vasquez*, 389 S.W.3d at 367 (recognizing that "if the application paragraph 'necessarily and unambiguously' refers to another paragraph of the jury charge, then a conviction is authorized, and the trial judge need not *sua sponte* 'cut and paste' that definition into the application paragraph"); *see also West v. State*, No. 05-09-00577-CR, 2011 WL 783616, at *3 (Tex. App.—Dallas Mar. 8, 2011, pet. ref'd) (not designated for publication) ("It is unnecessary to repeat every abstract definition in the application paragraph of the jury charge.").

Thus, "[a]lthough the application paragraph is that section of the charge that 'specifies the factual circumstances under which the jury should convict or acquit,' it need not set forth specifically all of the elements necessary to convict a defendant if those elements have been accurately set forth in another section of the charge." *Riley v. State*, 447 S.W.3d 918, 923 (Tex. App.—Texarkana 2014, no pet.) (quoting *Vasquez*, 389 S.W.3d at 367 and citing *Demouchette v. State*, 731 S.W.2d 75, 78–79 (Tex. Crim. App. 1986)). For example, the Court of Criminal Appeals has consistently held that for a capital murder committed "in the course of" committing an underlying aggravating offense, the elements of the aggravating offense "need not be set out in that portion of the charge applying the law to the facts." *Garrett v. State*, 682 S.W.2d 301, 308–09 (Tex. Crim. App. 1984); *accord Allridge v. State*, 762 S.W.2d 146, 151 (Tex. Crim. App. 1988); *Demouchette*, 731 S.W.2d at 80; *Granviel v. State*, 723 S.W.2d 141, 157 (Tex. Crim. App. 1986).

Here, the trial court specifically set out the elements of unauthorized use of a motor vehicle and defined the culpable mental states applicable to that offense in the abstract portion of the charge. Thus, we find no error in the omission of the culpable mental states—as

12

elements of the unauthorized use of a motor vehicle—in the application paragraph. *See West*, 2011 WL 783616, at *3 (finding no error in jury charge for engaging in organized criminal activity that did not repeat elements of predicate offense of burglary of habitation in application paragraph when burglary elements were provided in abstract portion of jury charge); *see also Whitington v. State*, No. 08-13-00102-CR, 2015 WL 3653326, at *9 (Tex. App.—El Paso Apr. 24, 2015, pet. ref'd) (mem. op., not designated for publication) (concluding that since appellant was tried for continuous sexual abuse of young child, and not for offenses of indecency with child and sexual performance by child, it was unnecessary to set out constituent elements of predicate offenses in application paragraph of jury charge as long as predicate offenses were defined in abstract portion of charge); *Rodriguez v. State,* 687 S.W.2d 505, 509 (Tex. App.—Houston [1st Dist.] 1985, no pet.) (holding that because appellant was charged with burglary of habitation with intent to commit sexual assault, and not sexual assault, it was unnecessary to set out elements of sexual assault in application paragraph because sexual-assault elements were defined in abstract portion of charge).

Finally, appellant contends that the omission of culpable mental states in the application paragraph "is clearly error when the *mens rea* is not properly set out somewhere in the charge." In the abstract portion of the charge, the trial court gave the following definitions of "intentionally" and "knowingly" to the jury:

> A person acts intentionally, or with intent, with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct.
>
> A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.

13

Appellant argues that because murder is a "result of conduct" offense, the definitions of the culpable mental states were incorrect because they referred to the "nature of the conduct" but instead should have been limited to the "result of conduct" language.[6]

However, it is intentional murder under section 19.02(b)(1) and murder by intent to cause serious bodily injury under section 19.02(b)(2) that are "result of conduct" offenses, *see Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994) (holding that "intentional murder under § 19.02(a)(1) is a 'result of conduct' offense"); *Cavazos*, 382 S.W.3d at 384 (holding that "murder under Section 19.02(b)(2) is a 'result' crime"), that require that the culpable mental state relates to the result of the conduct, i.e., the causing of the death, *Schroeder*, 123 S.W.3d at 400. As previously discussed, section 19.02(b)(3) "dispenses with a culpable mental state" so "there is no culpable mental state 'for the act of murder'" in felony murder. *Lomax*, 233 S.W.3d at 305–07. It is "the underlying felony itself, and not the felony-murder statute, that determines whether the underlying felony requires a culpable mental state." *Id.* at 307.

Here, the underlying felony was unauthorized use of a motor vehicle. *See* Tex. Penal Code § 31.07. That offense "encompasses two 'conduct elements', viz: that the defendant intentionally or knowingly operated a vehicle (nature of conduct) knowing that such operation was without the effective consent of the owner (circumstances surrounding conduct)." *Robinson v. State*, 466 S.W.3d 166, 171 (Tex. Crim. App. 2015) (quoting *McQueen*

---

[6] The Penal Code delineates three "conduct elements" that can be involved in an offense: (1) the nature of the conduct, (2) the result of the conduct, and (3) the circumstances surrounding the conduct. *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989); *see* Tex. Penal Code § 6.03. The statutory definitions of the culpable mental state in a jury charge must be tailored to the conduct elements of the offense. *Price v. State*, 457 S.W.3d 437, 441 (Tex. Crim. App. 2015); *Cook v. State*, 884 S.W.2d 485, 487 (Tex. Crim. App. 1994). A trial court errs when it fails to limit the definitions of the culpable mental states to the conduct element or elements involved in the particular offense. *Price*, 457 S.W.3d at 441; *Patrick v. State*, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995); *Cook*, 884 S.W.2d at 491.

*v. State*, 781 S.W.2d 600, 604 (Tex. Crim. App. 1989)). Thus, the definitions of "intentionally" and "knowingly" given by the trial court in the abstract portion of the jury charge—which included language relating to the "nature of the conduct" and "circumstances surrounding the conduct"—were correct.

For the above reasons, the trial court did not err in omitting the culpable mental states in the application paragraph or in giving definitions of the culpable mental states in the abstract portion that included language concerning the "nature of the conduct." Therefore, we overrule appellant's second point of error.

## CONCLUSION

We conclude that the trial court did not err by denying appellant's requested jury-charge instruction for manslaughter, by omitting the culpable mental states from the application paragraph, or by defining the culpable mental states in the abstract portion in terms of the "nature of the conduct." Accordingly, we affirm the trial court's judgment of conviction.

_____
Edward Smith, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed: October 2, 2019

Do Not Publish

15