**Opinion filed June 17, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00228-CR

_____

## DARRIN DUANE ERVIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 6937**

## M E M O R A N D U M   O P I N I O N

A grand jury indicted Appellant, Darrin Duane Ervin, for the state jail felony offense of possession of a controlled substance, namely methamphetamine, in an amount of less than one gram. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2017). The jury convicted Appellant of the charged offense. The trial court assessed Appellant's punishment at two years' confinement in the State Jail Division of the Texas Department of Criminal Justice and sentenced Appellant accordingly.

In two issues on appeal, Appellant asserts that (1) the trial court erred when it failed to include in its charge a jury instruction on voluntary possession and (2) the evidence is insufficient to support his conviction. We affirm.

## I. *Factual Background*

On the date of the offense, law enforcement officers, pursuant to a lawfully obtained search warrant, investigated a residence in Haskell County for the presence of a fugitive and narcotics. While assisting in the investigation, Trooper Laurance Paul Adams Jr. of the Texas Department of Public Safety encountered Appellant at the residence. Officer Ken Jones of the Haskell Police Department was also present. Because Trooper Adams knew that an active warrant existed for Appellant's arrest, he arrested Appellant and placed him in handcuffs. Trooper Adams briefly performed a pat-down of Appellant's person for weapons, but neither weapons nor contraband was discovered. Trooper Adams uncuffed Appellant to allow him to give his personal items—a phone and cash—to his wife, April Fagan. Trooper Adams later uncuffed Appellant again to allow him to relieve himself outside, around the side of the residence. After this, Trooper Adams transported Appellant to the Jones County jail.

Prior to entering the jail, Appellant informed Trooper Adams that he had methamphetamine in his possession. This conversation was recorded by the in-car cameras in Trooper Adams's police unit.[1] Appellant stated that he had picked up the methamphetamine off the ground; he also told Trooper Adams the amount of methamphetamine that he had in his possession. Appellant further stated, "I had plenty of opportunity to throw it on the ground," and "I could've threw it on the ground at anytime while I was out there walking around, and I didn't do it because I didn't want somebody else to pick it up." When Trooper Adams asked Appellant

---

[1]Appellant had been Mirandized when he was arrested at the residence. *See Miranda v. Arizona*, 384 U.S. 436 (1966).

2

why he would pick the drugs up off the ground, Appellant replied, "Because I didn't want my wife to be charged with it." Appellant never mentioned Officer Jones during his discussion with Trooper Adams. Nor did he claim that the methamphetamine had gotten into his pocket in some manner other than by his own volition. Trooper Adams retrieved the methamphetamine from Appellant's pocket while they were inside the jail. Subsequent forensic analysis revealed that the substance was methamphetamine.

At trial, Appellant testified that Trooper Adams conducted a thorough search of his person when he was arrested, including the pocket from which the methamphetamine was later recovered. According to Appellant, after he was arrested and handcuffed at the residence, and after both instances when he was uncuffed, Officer Jones slipped the methamphetamine into Appellant's pocket. Appellant maintained that, as Officer Jones was placing the methamphetamine into Appellant's pocket, he stated to Appellant, "I figured you wouldn't want me charging your wife with that." According to Appellant, he did not tell Trooper Adams about Officer Jones's actions because he knew that law enforcement officers look out for each other. Appellant testified that Officer Jones had "done some other shady stuff to [Appellant]" in the past. Appellant further testified, and Trooper Adams confirmed, that Officer Jones had left the Haskell Police Department sometime after this incident.[2]

When Appellant admitted to Trooper Adams after his arrest that he possessed methamphetamine, he accurately stated the amount of methamphetamine that he had in his possession. Appellant also admitted that Officer Jones did not tell him the amount of methamphetamine that Officer Jones had allegedly slipped into his pocket. Rather, Appellant testified that he had "just guessed."

---

[2]Neither party called Officer Jones as a witness in this case.

## II. *Analysis*

### A. *Sufficiency of the Evidence*

We first address Appellant's sufficiency-of-the-evidence challenge, Appellant's second issue, because a finding in his favor on this issue would require an acquittal. *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000); *see* TEX. R. APP. P. 47.1. Appellant asserts that the evidence was insufficient to show that his possession of a controlled substance was voluntary and, thus, is insufficient to support his conviction. Specifically, Appellant contends that (1) the evidence was insufficient when weighed in light of a hypothetically correct jury charge and (2) the State failed to affirmatively prove an essential element of the offense—that Appellant's possession of the methamphetamine was voluntary. We disagree.

We review a challenge to the sufficiency of the evidence, regardless of whether it is denominated as a legal or factual sufficiency challenge, under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all of the evidence admitted at trial, even evidence that was improperly admitted, and defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Winfrey v. State*, 393 S.W.3d 763, 767–68 (Tex. Crim. App. 2013); *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 722, 778 (Tex. Crim. App. 2007). This deference accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences

4

from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Therefore, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

Because the standard of review is the same, we treat direct and circumstantial evidence equally. *Isassi*, 330 S.W.3d at 638; *Clayton*, 235 S.W.3d at 778; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can, without more, be sufficient to establish his guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper*, 214 S.W.3d at 13). A guilty verdict does not require that every fact must directly and independently prove a defendant's guilt. *Hooper*, 214 S.W.3d at 13. Instead, the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Id.* Therefore, in evaluating the sufficiency of the evidence, we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015).

Sufficiency of the evidence is measured by the elements of the offense as defined in the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

To prove unlawful possession of a controlled substance, the State must show that (1) the accused exercised actual control, management, or care over the substance and (2) the accused knew the substance he possessed was contraband. HEALTH & SAFETY §§ 481.115(a), .102(6) (West Supp. 2020); *see Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016); *Hughitt v. State*, 539 S.W.3d 531, 538 (Tex. App.—Eastland 2018), *aff'd*, 583 S.W.3d 623 (Tex. Crim. App. 2019); *see also* HEALTH & SAFETY § 481.002(38) (defining possession as "actual care, custody, control, or management."); TEX. PENAL CODE ANN. § 6.01(a)–(b) (West 2021) (requiring possession to be a voluntary act). Contrary to Appellant's assertion, voluntariness is not an essential element of the charged offense; rather, it is included in the definition of possession. As such, the hypothetically correct jury charge for the charged offense would not include voluntariness as an essential element. *See* HEALTH & SAFETY § 481.115(a); *Hughitt*, 539 S.W.3d at 538.

Here, the State adduced sufficient evidence to prove beyond a reasonable doubt that Appellant had committed the charged offense. Trooper Adams's testimony and Appellant's admissions that were recorded on the in-car camera footage showed that Appellant voluntarily exercised control, management, or care over the methamphetamine and that Appellant knew the substance that he possessed was contraband. Although Appellant presented an alternative version of events— that he did not possess the methamphetamine voluntarily—the jury was free to believe or not believe all, some, or none of Appellant's testimony. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). It is the jury's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. We presume that the jury resolved any conflicting inferences in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt*, 368 S.W.3d at 525–26; *Clayton*, 235 S.W.3d at 778. Moreover, it is not our role or

function to engage in or make credibility determinations. *Jackson*, 443 U.S. at 326; *Merritt*, 368 S.W.3d at 525–26; *Clayton*, 235 S.W.3d at 778.

Consistent with the applicable standard of review, we have reviewed the evidence in the light most favorable to the jury's verdict. Irrespective of the competing interpretation of the evidence offered by Appellant, we hold that the record before us contains sufficient evidence from which a rational jury could have logically inferred and found beyond a reasonable doubt that Appellant was guilty of the offense of possession of a controlled substance, namely methamphetamine, in amount of less than one gram. Accordingly, because sufficient evidence supports the jury's verdict, we overrule Appellant's second issue.

B. *Charge Error*

In his first issue, Appellant contends that the trial court erred when it failed to include a jury instruction on voluntary possession in the application paragraph of its charge. We disagree.

Appellate review of alleged jury-charge error is a two-step process. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012) (citing *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994)). First, we determine whether charge error exists. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015) (citing *Kirsch*, 357 S.W.3d at 649); *Phillips v. State*, 463 S.W.3d 59, 64 (Tex. Crim. App. 2015) (citing *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)). Second, if we find error, we conduct a harm analysis. *Cortez*, 469 S.W.3d at 598; *Phillips*, 463 S.W.3d at 65; *Kirsch*, 357 S.W.3d at 649.

"A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession." PENAL § 6.01(a). "Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." PENAL § 6.01(b). In this context, "voluntariness" refers only to one's

own physical body movement. *Febus v. State*, 542 S.W.3d 568, 574 (Tex. Crim. App. 2018) (citing *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014)).

A trial court has an absolute sua sponte duty to prepare a jury charge that accurately sets out the "law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *see Cortez*, 469 S.W.3d at 598; *Phillips*, 463 S.W.3d at 65; *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). However, "it does not inevitably follow that [the trial court] has a similar *sua sponte* duty to instruct the jury on all potential defensive issues." *Delgado*, 235 S.W.3d at 249 (citing *Posey v. State*, 966 S.W.2d 57, 63 (Tex. Crim. App. 1998)). Voluntariness is a defensive issue. *See Bundage v. State*, 470 S.W.3d 227, 231 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

A trial court has no duty to instruct the jury on unrequested defensive issues because an unrequested defensive issue is not the law applicable to the case. *See Mendez v. State*, 545 S.W.3d 548, 552 (Tex. Crim. App. 2018) (citing *Posey*, 966 S.W.2d at 62); *Taylor v. State*, 332 S.W.3d 483, 487 (Tex. Crim. App. 2011). A defendant is entitled to an instruction on any defensive issue provided that (1) the defendant submits a timely request for an instruction on that specific theory and (2) the defensive issue has been raised by the evidence. *Rogers v. State*, 105 S.W.3d 630, 639 (Tex. Crim. App. 2003) (citing *Mendoza v. State*, 88 S.W.3d 236, 239 (Tex. Crim. App. 2002)); *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999).

In this case, it is undisputed that Appellant's trial counsel neither requested an instruction on voluntariness nor objected to the trial court's charge. "A defendant cannot complain on appeal about the trial court's failure to include a defensive instruction that he did not preserve by request or objection: he has procedurally defaulted any such complaint." *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013) (citing *Posey*, 966 S.W.2d at 61); *see also Mendez*, 545 S.W.3d at 552; *Rogers*, 105 S.W.3d at 639. Further, even if Appellant had effectively preserved this

complaint for our review, the trial court's charge was not deficient and correctly tracked the proper statutory language for the charged offense, including Section 6.01(b) of the Penal Code, which defines possession as a voluntary act. PENAL § 6.01(b); *see Hernandez v. State*, 867 S.W.2d 900, 905–07 (Tex. App.— Texarkana 1993, no pet.) (holding in a drug possession case that the trial court's charge adequately set out the law applicable to the case by instructing the jury on what constitutes possession and intent, while refusing a requested instruction on voluntariness). Here, Appellant has procedurally defaulted any charge error that he claims exists. Therefore, we hold that the omission of the defensive issue of voluntariness from the application paragraph of the trial court's charge did not constitute error. *See Vega*, 394 S.W.3d at 519; *see also* CRIM. PROC. art. 36.14. Further, because there is no error, we do not consider whether Appellant was harmed. *See Cortez*, 469 S.W.3d at 598; *Phillips*, 463 S.W.3d at 65; *Kirsch*, 357 S.W.3d at 649. Accordingly, we overrule Appellant's first issue.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


June 17, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.