**Opinion filed September 8, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00269-CR

_____

## BRANDY LYNN MORTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR54301**

### M E M O R A N D U M   O P I N I O N

Appellant, Brandy Lynn Morton, was indicted for the state jail felony offense of possession of a controlled substance, namely methamphetamine, in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a), (b) (West Supp. 2021). The jury found Appellant guilty, and the trial court assessed punishment at two years' confinement in the State Jail Division of the Texas Department of Criminal Justice, but suspended Appellant's sentence and placed her on community supervision for a period of four years. In a single issue on

appeal, Appellant asserts that the trial court erred in failing to properly instruct the jury during the guilt/innocence phase of the trial with regard to the admission of an extraneous offense—possession of a "device [synthetic urine] designed to falsify drug test results," a Class B Misdemeanor. We affirm.

*Factual and Procedural History*

On July 16, 2019, Texas Department of Public Safety Trooper Phillip Goelzhauser initiated a traffic stop after observing Appellant fail to signal a turn and impede traffic by driving too slowly in the left lane. Appellant pulled into a parking lot and exited her vehicle. At Trooper Goelzhauser's request, Appellant retrieved her driver's license but did so by "climbing through the driver's side window," behavior which Trooper Goelzhauser found to be unusual. While Trooper Goelzhauser typed up the warning and conducted a routine check for suspension and warrants, Appellant told him that before she was stopped, she was giving her passenger a ride to the passenger's own vehicle. Trooper Goelzhauser contacted the passenger, Minerva Silvas-Medellin, and found inconsistencies between the stories of Minerva and those of Appellant.

After speaking with Minerva, Trooper Goelzhauser asked Appellant if there was any illegal contraband in the vehicle. She responded that there was not. Trooper Goelzhauser asked for permission to search the vehicle and Appellant consented. During the search, Trooper Goelzhauser discovered a pipe with a crystalline residue, which he suspected to be methamphetamine, in Appellant's purse, located in the driver's seat of the vehicle. Trooper Goelzhauser placed Appellant under arrest and resumed his search of the vehicle. During the search, Trooper Goelzhauser further discovered what he believed to be synthetic urine, which—in his training and experience—is used to falsify drug test results.

Appellant's sole issue on appeal concerns trial testimony about the synthetic urine found in her purse. Trooper Goelzhauser had charged Appellant with

2

possessing or using a device designed to falsify a drug test—but that was not an indicted charge on which she was being tried. Appellant alleges error in a single issue but makes two distinct arguments about limiting instructions and extraneous offenses. Appellant's first argument is that the trial court erred in declining to give a requested limiting instruction for an extraneous offense about which evidence had been admitted at the time that Appellant requested the instruction. Appellant's second argument is that the trial court failed to include a proper extraneous-offense instruction in the jury charge. We address each argument in turn.

*Standards of Review*

I. Limiting Instructions

When a defendant properly requests a limiting instruction at the time that evidence is admitted, one must be given. TEX. R. EVID. 105(a); *Rankin v. State*, 974 S.W.2d 707, 713 (Tex. Crim. App. 1993); *Smith v. State*, 631 S.W.3d 484, 500 (Tex. App.—Eastland 2021, no pet.). A trial court abuses its discretion when it does not give a properly requested limiting instruction when the evidence is admitted. *Hammock v. State*, 46 S.W.3d 889, 894 (Tex. Crim. App. 2001). When a defendant fails to request a limiting instruction the first time the evidence is admitted, the admission of such evidence is not grounds for complaint on appeal. *Edwards v. State*, No. 05-12-00218-CR, 2013 WL 5314713, at *2 (Tex. App.—Dallas Sept. 20, 2013, pet. ref'd) (mem. op., not designated for publication). "Once the evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes." *Id.* (citing *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007)).

We review a trial court's failure to give a simultaneous limiting instruction—when properly requested—under a harmless error analysis. *Jones v. State*, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996). Any nonconstitutional error that does not affect Appellant's substantial rights must be disregarded. *See* TEX. R.

3

APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury. *Thomas v. State*, 505 S.W.3d 916, 926 (Tex. Crim. App. 2016); *King v. State*, 953 S.W.2d 266, 270–71 (Tex. Crim. App. 1997).

II. The Jury Charge

The trial court has the responsibility to provide the jury with "a written charge distinctly setting forth the law applicable to the case." TEX. CODE. CRIM. PROC. ANN. art. 36.14 (West 2007). The function of the jury charge is "to inform the jury of the applicable law and guide them in its application to the case." *Delgado*, 235 S.W.3d at 249 (quoting *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim App. 1996)). The trial court has the ultimate responsibility to ensure that all of the law applicable to the criminal offense is incorporated into the jury charge, as well as general admonishments. *Delgado*, 235 S.W.3d at 249. This duty is a *sua sponte* duty—a duty to act without any request or objections from the parties. *Id.* This *sua sponte* duty does not include the responsibility to instruct the jury on all potential defensive issues, lesser included offenses, or evidentiary issues, as these are often dependent on trial strategy and tactics. *Id.* "[A] limiting instruction concerning the use of extraneous offense evidence should be requested, and given, in the guilt-stage jury charge only if the defendant requested a limiting instruction at the time the evidence was first admitted." *Id.* at 251. If the defendant fails to object to the absence of an instruction on defensive issues—including extraneous offense related issues—the trial court will have committed no error at all. *Mendez v. State*, 545 S.W.3d 548, 552 (Tex. Crim. App. 2018).

We first review whether the trial court erred, and if no error occurred, the analysis is complete. *Deere v. State*, 631 S.W.3d 762, 774 (Tex. App.—Eastland 2021, pet. ref'd) (citing *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2002)). If there was an error, we determine whether the error was preserved. If the error was preserved, we will reverse if the trial court's error resulted in "some harm"

to the defendant. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If the defendant failed to object or request an instruction before the trial court read the charge to the jury, then any error present in the charge is reversible only if it caused egregious harm to the defendant. *Delgado*, 235 S.W.3d at 249 (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)). The degree of harm is determined "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Deere*, 631 S.W.3d at 775 (quoting *Almanza*, 686 S.W.2d at 171).

*Analysis*

I. Limiting Instruction

Appellant argues that the trial court erred in denying her request for a limiting instruction during testimony. During the guilt/innocence phase of the trial, examination under oath included the following testimony of Trooper Goelzhauser:

> Q: And did you find anything else illegal in the vehicle?
>
> A: Synthetic urine, sir.
>
> Q: And based on your training and experience, what is synthetic urine used for?
>
> A: Falsified drug test results.

Accordingly, testimony was admitted without objection that, in his continued search of Appellant's vehicle, Trooper Goelzhauser found synthetic urine. Based on his training and experience, that substance is used to falsify drug test results.

The examination of Trooper Goelzhauser continued:

> Q: (By [the prosecutor]) Trooper, just a few questions. You know, you collected synthetic urine, correct?
>
> A: Yes, sir.
>
> [DEFENSE COUNSEL]: Objection, Your Honor. I don't believe that's anything that's been established.

THE COURT: I'm going to sustain that.

That the substance was synthetic urine was testimony already admitted without objection. But here the question implied that Trooper Goelzhauser himself *knew* it to be synthetic urine and objection was made that seemingly disputed what could be mistaken to be expert testimony on the chemical makeup without laying a proper foundation. The trial court sustained the objection to the question as asked.

The trooper's testimony continued:

Q: (By [the prosecutor]) Was Ms. Morton also *charged with* possessing or using a false drug test device in this case?

A: Yes, sir.

Q: And *what did you allege* when you charged her with that?

A: That due to the narcotics and the synthetic urine, she was going to use the synthetic urine to falsify drug test results.

[DEFENSE COUNSEL]: Your Honor, I would ask for a limiting instruction that he's not an expert to testify whether it was synthetic urine or not; it was a substance that he found.

THE COURT: I'm going to deny that request.

In this last series of questions, what was asked was specific—what was Appellant *charged with* and what did Trooper Goelzhauser *allege* when he charged Appellant? The objection by Appellant's trial counsel at this point was not specific to what the witness had actually been asked without objection. In addition, the testimony that the substance was, at least in Trooper Goelzhauser's opinion, synthetic urine had already been stated to the jury without objection. Further, the requested "limiting instruction" as stated by trial counsel appears to relate to the status of the witness— as not being an expert—and his ability to identify the substance as synthetic urine. On appeal, Appellant admits that the limiting instruction being requested "was not based on the law of extraneous offenses." The record shows that Appellant never

asked the trial court to instruct the jury regarding the limited purpose for which the extraneous offense was being admitted.

When a defendant fails to request a limiting instruction the first time the evidence is offered, the admission of such evidence is not grounds for complaint on appeal. *Edwards*, 2013 WL 5314713, at \*2. After "evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes." *Id.* (citing *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007)). Here, Appellant failed to request a limiting instruction the first time that the evidence was offered, and the record does not reflect that a limiting instruction as to extraneous offense evidence was ever requested. Because Appellant failed to make a timely request, and the evidence was admitted without restraint, the issue alleging a failure to issue a limiting instruction is not preserved for our review. *See* TEX. R. EVID. 105(a).

II. The Jury Charge

Appellant also argues that the trial court erred by failing to provide a limiting instruction in the jury charge. Appellant asserts that the trial court had a *sua sponte* duty to include a limiting instruction, as it would have assisted the jury in properly applying the extraneous offense evidence presented at trial. We disagree.

Appellant failed to object to the jury charge and provided no request to the trial court to include a limiting instruction at that time. If the defendant fails to object to the absence of an instruction on defensive issues within the charge—including extraneous offense related issues—the trial court will have committed no error at all. *Mendez*, 545 S.W.3d at 552. Additionally, the trial court has no *sua sponte* duty to instruct the jury on any issues related to defense trial strategy and tactics. *See Delgado*, 235 S.W.3d at 249. "[A] party might well intentionally forego a limiting instruction as part of its 'deliberate trial strategy to minimize the jury's recollection

of the unfavorable evidence.'" *Id.* at 250 (quoting *United States v. Johnson*, 46 F.3d 1166, 1171 (D.C. Cir. 1995)).

We acknowledge that a trial court may be required to include in the jury charge a limiting instruction concerning the use of extraneous offense evidence when a defendant properly requests a limiting instruction at the time the evidence was first offered. *See Delgado*, 235 S.W.3d at 251. However, those are not the circumstances here. As the record reveals, Appellant failed to object or request a limiting instruction the first time the evidence was presented regarding the extraneous offense of possessing or using a false drug test device. Therefore, the trial court did not err when it failed to include a limiting instruction in the charge to the jury during the guilt/innocence phase of the trial.[1]

The trial court neither erred by failing to give a simultaneous limiting instruction nor by failing to *sua sponte* include limiting instructions regarding extraneous offenses in the jury charge. Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


September 8, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]Appellant's complaint on appeal is limited to the court's charge for the *guilt/innocence* phase of jury trial. Appellant elected that *punishment* would be assessed by the trial court.