Keasler, J., delivered the opinion for a unanimous Court.
Today we seek to resolve a conflict among the lower courts. Some courts have held that, when a trial court sua sponte issues a defensive jury instruction but fails to apply it to a lesser-included offense, the court commits no error unless the defendant objects.[1] Others, including the First *550 Court of Appeals in this case,[2] have held that this is error, even if the defendant does not object. We affirm the First Court of Appeals.
I. FACTS
On August 5, 2011, some time after 2 A.M., Adrian Mendez and several friends arrived at Big Man Diesel Repair. The group had spent the evening socializing and consuming a variety of drugs, including Xanax, cocaine, marijuana, and alcohol. They were later joined by Roger Guzman and Jacob Castillo, who had also been smoking marijuana and drinking alcohol. Soon thereafter, Mendez and Castillo got into a fight. The men exchanged blows until Mendez drew a knife and stabbed Castillo several times. Castillo was hospitalized and, although his initial prognosis was good, he died two months later due to complications from his stab wounds. The State charged Mendez with murder.
A. Trial
At trial, Mendez argued that he had acted in self-defense. Mendez testified that he was afraid of Castillo, claiming that Castillo had gang affiliations and a reputation for violence. Mendez explained that when Castillo arrived at Big Man Diesel Repair that night, he appeared to be intoxicated and agitated. According to Mendez, Castillo started the fight, and Mendez drew his knife only because, based on Castillo's reputation and excited state, he believed Castillo was reaching for a gun.
The jury was instructed that it could find Mendez guilty of either murder or aggravated assault. The trial court also sua sponte charged the jury on the issue of self-defense. The charge, in relevant part, read as follows:
Upon the law of self-defense, you are instructed that a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other person's use or attempted use of unlawful force.
....
Therefore, if you find from the evidence beyond a reasonable doubt that the defendant, Adrian Aaron Mendez, Jr., did cause the death of Jacob Castillo, as alleged, but you further find from the evidence, as viewed from the standpoint of the defendant at the time, that from the words or conduct, or both of Jacob Castillo it reasonably appeared to the defendant that his life or person was in danger and there was created in his mind a reasonable expectation or fear of death or serious bodily injury from the use of unlawful deadly force at the hands of Jacob Castillo, and that acting under such apprehension and reasonably believing that the use of deadly force on his part was immediately necessary to protect himself against Jacob Castillo's use or attempted use of unlawful deadly force, he stabbed Jacob Castillo, then you should acquit the defendant on the grounds of self-defense ....[3]
Mendez did not object to this charge. The jury acquitted Mendez of murder, but convicted him of the lesser-included offense of aggravated assault. Mendez was sentenced to seven years' imprisonment and assessed a $10,000 fine.
B. Appeal and Discretionary Review *551 On appeal, Mendez complained that the trial court's instruction on self-defense was "erroneous and incomplete."[4] Mendez pointed out that the application paragraph permitted the jury to acquit Mendez on self-defense grounds only if it first determined that he "did cause the death of Jacob Castillo, as alleged."[5] This instruction, Mendez argued, necessarily suggested that self-defense could serve to justify the offense of murder, but not the lesser offense of aggravated assault. Candidly acknowledging that he had failed to object to the charge at trial, Mendez observed that, in Almanza v. State , we said that even un-preserved jury-charge error may "call for reversal," so long as the appellant can show that the error caused "egregious harm."[6] Mendez undertook to demonstrate egregious harm by arguing that, had the jury been fully and correctly instructed on self-defense, he likely would have been acquitted of both crimes.
In its reply brief, the State did not initially contest Mendez's claim of jury charge error; instead, the State sought to rebut Mendez's claim of egregious harm. Only in its motion for rehearing, after the court of appeals had ruled in Mendez's favor, did the State address the existence of jury-charge error vel non .[7] Citing our opinion in Posey v. State ,[8] the State argued that the trial court had no duty to issue, sua sponte , an instruction on the "defensive issue" of self-defense applied to aggravated assault.[9] And, as Mendez neither requested a self-defense charge nor objected to the instruction that was submitted to the jury, the State believed that the trial court had committed no error, much less egregiously harmful error, in charging the jury as it did.
The First Court of Appeals, in an opinion authored by Chief Justice Radack, disagreed. "[O]nce the trial court included self-defense in the abstract portion of the charge," the court said, self-defense became "law applicable to the case."[10] This meant that "the trial court was required to apply that defensive issue properly" to the entire case-including the lesser offense of aggravated assault.[11] Analyzing a number of factors, the court went on to determine that the omission of a self-defense instruction on aggravated assault was egregiously harmful, and reversed Mendez's aggravated-assault conviction.
The State petitioned this Court to review the court of appeals' conclusion that, by failing to apply the law of self-defense to the lesser-included offense of aggravated assault, the trial court committed jury-charge error. We do not understand the State to object to the court of appeals's harm analysis, but only its ruling that the trial court "erred" at all.[12]
II. LAW
Texas Code of Criminal Procedure Article 36.14 directs the trial judge to *552 "deliver to the jury ... a written charge distinctly setting forth the law applicable to the case."[13] This charge should include, at a minimum, "all of the law applicable to the criminal offense that is set out in the indictment or information," as well as "general admonishments, including ... the presumption of innocence, proof beyond a reasonable doubt, unanimity of the verdict, and so forth."[14] These matters are always "law applicable to the case."[15] A judge is obligated to instruct on these issues sua sponte , even without prompting from counsel, for "the trial judge is ultimately responsible for the accuracy of the jury charge and accompanying instructions."[16] A consequence of this sua sponte duty is that, even if the defendant "fails to object" to some error in the court's charge on the "law applicable to the case," the resulting claim of jury-charge error is not necessarily forfeited on appeal.[17]
Instead, the defendant's failure to object to jury-charge error affects which of Almanza 's dual standards of review is to apply.[18] If the defendant timely objected at trial, reversal is required if the reviewing court finds "some harm" to the defendant.[19] If the defendant did not object, then reversal is warranted only upon a showing of "egregious harm" such that the defendant was deprived of "a fair and impartial trial."[20]
But not every defense-benefitting instruction is "law applicable to the case," such that its exclusion from the charge is necessarily erroneous.[21] For instance, in Posey we said that Article 36.14 imposes no "duty on trial courts to sua sponte instruct the jury on unrequested defensive issues" such as mistake of fact.[22] In Tolbert v. State , we said that the trial judge presiding over a capital-murder trial "had no duty to sua sponte instruct the jury on the lesser-included offense of murder."[23] A jury charge "on this lesser-included offense was not 'applicable to the case' absent a request by the defense for its inclusion in the jury charge."[24] And in Delgado v. State , we held that the trial judge had no duty, absent any objection or request from the defense, "to instruct the jury on the burden of proof concerning an extraneous offense."[25] If the defendant fails to object to the absence of these kinds of instructions in the jury charge, the trial court will have committed no error at all; a trial court does not err by failing to instruct the jury on an issue that was, by virtue of the defendant's silence, simply inapplicable to the case.
On the other hand, if the trial court undertakes upon its own initiative to instruct the jury on a defensive issue, that issue becomes "law applicable to the case," whether the defendant requested it or objected *553 to its absence or not.[26] This means that "when a trial judge instructs on a defensive issue" on his own motion, "he must do so correctly."[27] Any "error in the charge actually given" is therefore "subject to review under Almanza ," rather than precluded from review under Posey .[28] This does not mean, of course, that every un-preserved claim of jury charge error is meritorious; it means only that the reviewing court must go on to determine whether the defendant can meet Almanza 's more demanding "egregious harm" standard.[29]
IV. ANALYSIS
A. By sua sponte instructing the jury on self-defense, the trial judge assumed the duty to administer that instruction correctly.
In this case, it is uncontested that Mendez never requested a self-defense instruction on the record. The trial judge, then, initially had no duty to charge the jury on the issue of self-defense. If the court's charge had been utterly silent with respect to self-defense, Mendez would have been required to object to any resulting jury-charge error.
But the trial judge did issue a self-defense instruction, evidently sua sponte . So, pursuant to Barrera , the trial judge necessarily "signaled" that self-defense was "law applicable to the case."[30] And, under Vega , the trial judge thereby assumed a duty to deliver her self-defense charge "correctly."[31] The critical question is whether, by failing to apply self-defense to both the greater offense of murder and the lesser-included offense of aggravated assault, the charge in this case was "incorrect." For the following reasons, we conclude that it was.
B. When self-defense is "law applicable to the case," failing to apply this issue to applicable lesser-included offenses is error.
It is well-settled that "[j]ury charges which fail to apply the law to the facts adduced at trial are erroneous."[32] This is so because, if an issue is "law applicable to the case," "[t]he jury must be instructed 'under what circumstances they should convict, or under what circumstances they should acquit.' "[33] "[I]t is not sufficient," then, "for the jury to receive an abstract instruction on the law and then to render a verdict according to a general conclusion on whether the law has been violated."[34] Excluding the application section *554 deprives the jury of "an unbiased application of the law to the facts of the case" and leaves this exercise "solely in the hands of ... partisan advocates."[35] For these reasons, we have characterized application paragraphs as "the 'heart and soul' of the jury charge."[36]
Accordingly, we have found jury-charge error where a trial court fails to apply its abstract charge on self-defense to the particular facts of the case at hand.[37] In Barrera , for example, the trial court issued an abstract self-defense instruction, but did not include an application section instructing the jury to acquit if it had a reasonable doubt as to self-defense.[38] Although Barrera did not object to this failure, we nevertheless held that "the failure to apply the law of self-defense to the facts of the case" was error, "even under the reasoning of Posey ."[39]
We have also found error where a trial court includes an application paragraph that is incomplete.[40] In Vega , the defendant raised an entrapment defense. The trial court issued an entrapment instruction, including an application section, in which the jury was told that if it had a reasonable doubt whether Vega had been "induced" to violate the law by "a law enforcement officer," it should vote to acquit.[41] But this application section did not include "inducement by confidential informant," a central aspect of the defense raised by the evidence, as grounds for acquittal.[42] We held that, because "the application paragraph [for a defensive issue] must list the specific conditions under which a jury is authorized to acquit," the trial court erred in issuing an incomplete application section.[43]
Extrapolating from these cases, we conclude that the absence of an application paragraph as to aggravated assault was erroneous. The jury-charge oversight that occurred in this case may be seen as either (1) a complete "fail[ure] to apply an abstract instruction to the facts of the case" under Barrera ,[44] or (2) an incomplete application paragraph under Vega .[45] As to the first of these, we note that this is not a situation where Mendez is complaining that the trial court should have, but failed to, sua sponte instruct the jury on a lesser-included offense.[46] To the contrary, Mendez's jury was duly informed of the "circumstances" under which it should convict him of aggravated assault.[47] This would suggest, under the logic of Gray and Barrera , that aggravated assault was necessarily "law applicable to the case" against Mendez.[48] And because self-defense was, *555 by virtue of the abstract charge, also "applicable to the case," to hold in favor of the State would require us to say that the commingling of these two "law[s] applicable to the case" was somehow not itself "applicable to the case." There is little sense in this. The jurors were properly instructed "under what circumstances they should convict" Mendez of aggravated assault; they should also, then, have been informed "under what circumstances they should acquit" him of that offense.[49]
The absence of an instruction applying self defense to aggravated assault may also be viewed as an incomplete charge under Vega . Pursuant to Vega , the trial court in this case had a duty to "list the specific conditions under which [the] jury [was] authorized to acquit."[50] One of these conditions was a finding that the defendant's conduct met the definition of aggravated assault but was justified by self-defense.[51] Indeed, the "specific condition[ ]" that would have justified Mendez's conduct in causing Castillo's death is the same "specific condition[ ]" that would have justified his conduct in committing aggravated assault.[52] We have previously held that if self-defense would justify a person's conduct for the offense of murder, a trial court errs by instructing the jury that self-defense may not justify his conduct in committing lesser-included offenses such as manslaughter or aggravated assault.[53] Our holding today may be seen as a natural extension of this: If a trial court charges the jury generally upon the law of self-defense, it must apply that general charge to every lesser-included offense for which that justification would serve to "acquit" the defendant. To fail to do so is to inadequately instruct the jury as to the "law applicable to the case."[54]
*556 The State argues that this situation is more like Posey than Barrera -that self-defense applied to aggravated assault was nothing more than a "defensive issue" which, if unrequested by the defense, was simply inapplicable to the case. We disagree. By charging the jury generally upon the law of self-defense, the court "signaled" that that issue was law applicable to the entire case[55] -not law applicable to some parts of the case and inapplicable to other parts of the case. To the extent that the court's charge left open this possibility, it failed to meet a basic requirement of a jury instruction: to fairly "lead [the jury] and ... prevent confusion."[56] A complete charge on the "law applicable to the case" would have informed the jury that, if it had a reasonable doubt as to Mendez's claim of self-defense, it should acquit Mendez of both murder and aggravated assault.[57]
The State also argues that requiring the trial court to apply self-defense to an unrequested lesser offense would run afoul of Posey 's characterization of defensive issues as "strategic decisions generally left to the lawyer and the client."[58] But that bridge was already crossed when the trial judge gave the jury a general charge on self-defense that the defendant never requested on the record. And we can conceive of no defensive strategy under which the defendant would desire a self-defense acquittal for the offense of murder and yet have no need or desire for a self-defense acquittal for the lesser offense of aggravated assault. If the jury credited Mendez's claim of self-defense as to the offense of murder, it necessarily would have also found in his favor with respect to aggravated assault; any reasonable defensive strategy would seek to have the jury charge reflect this reality. We are confident that our holding today poses no great risk of interfering with a defendant's preferred strategic approach in requesting defensive-issue jury charges.
IV. CONCLUSION
When the trial court charged the jury on the issue of self-defense in the abstract, it thereby declared that issue to be law applicable to the case. The jury was informed under what circumstances it should convict Mendez of aggravated assault. Self-defense being law applicable to the case meant that the trial court should also have informed the jury under what circumstances it should acquit him of that offense. We affirm the court of appeals' judgment.

See, e.g. , Shackelford v. State , No. 14-04-00633-CR, 2005 WL 2230227, at *3 (Tex. App.-Houston [14th Dist.] Sept. 13, 2005, pet. ref'd) (mem. op., not designated for publication); Wilkerson v. State , No. 05-98-00987-CR, 2000 WL 566960, at *2 (Tex. App.-Dallas Apr. 28, 2000, no pet.) (not designated for publication).

See Mendez v. State , 515 S.W.3d 915, 928 (Tex. App.-Houston [1st Dist.] 2017, pet. granted).

1 CR at 1126-28.

Brief for Appellant in the First Court of Appeals at 27.

1 CR at 1126-28.

Almanza v. State , 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

State's Motion for Rehearing in the First Court of Appeals at 2-3.

966 S.W.2d 57 (Tex. Crim. App. 1998).

State's Motion for Rehearing in the First Court of Appeals at 3.

Mendez , 515 S.W.3d at 926 n.1 (citing Vega v. State , 394 S.W.3d 514, 520 (Tex. Crim. App. 2013) ; Barrera v. State , 982 S.W.2d 415, 416-17 (Tex. Crim. App. 1998) ).

Id.

See State's Petition for Discretionary Review at 8 ("The court of appeals erred by holding that there was charge error[.]").

Tex. Code Crim. Proc. art. 36.14 ("Charge of court").

Delgado v. State , 235 S.W.3d 244, 249 (Tex. Crim. App. 2007).

Id.

Id.

Id.

See Almanza , 686 S.W.2d at 171.

Id.

Id.

E.g. , Posey , 966 S.W.2d at 62.

Id.

306 S.W.3d 776, 781 (Tex. Crim. App. 2010).

Id.

235 S.W.3d 244, 254 (Tex. Crim. App. 2007).

E.g. , Barrera , 982 S.W.2d at 416 ("[H]aving undertaken on its own motion to charge the jury on this issue, the trial court in this case signaled that self-defense was 'the law applicable to the case.' ") (emphasis in original).

Vega , 394 S.W.3d at 515-16.

Id. at 516 ; Barrera , 982 S.W.2d at 416.

Vega , 394 S.W.3d at 521 ("Appellant did not object to the jury charge at trial, so he must show that he suffered egregious harm from the charge error to be entitled to reversal."); Barrera , 982 S.W.2d at 417 ("[A]ppellant neither requested a self-defense charge nor objected to the charge as given. Therefore, we remand this cause to the court of appeals to ... conduct an 'egregious harm' analysis under Almanza .").

Barrera , 982 S.W.2d at 416.

Vega , 394 S.W.3d at 519.

See, e.g. , Gray v. State , 152 S.W.3d 125, 128 (Tex. Crim. App. 2004) (citing Perez v. State , 537 S.W.2d 455, 456 (Tex. Crim. App. 1976) ; Harris v. State , 522 S.W.2d 199, 200 (Tex. Crim. App. 1975) ).

Id. at 127-28 (quoting Ex parte Chandler , 719 S.W.2d 602, 606 (Tex. Crim. App. 1986) (Clinton, J., dissenting) ).

Williams v. State , 547 S.W.2d 18, 20 (Tex. Crim. App. 1977).

Id.

Vasquez v. State , 389 S.W.3d 361, 366-67 (Tex. Crim. App. 2012) (quoting Gray , 152 S.W.3d at 128 ).

See Barrera , 982 S.W.2d at 416 ; Fennell v. State , 424 S.W.2d 631, 632-33 (Tex. Crim. App. 1968).

Id. at 416.

Id.

See Vega , 394 S.W.3d at 520.

Id. at 519-20.

Id. at 520.

Id.

Barrera , 982 S.W.2d at 416.

Vega , 394 S.W.3d at 519-20.

See, e.g. , Tolbert , 306 S.W.3d at 781 ("[A] jury instruction on this lesser-included offense was not 'applicable to the case' absent a request by the defense for its inclusion in the jury charge.").

Gray , 152 S.W.3d at 127.

See id. at 127-28 (citations omitted) ("It is not enough for the charge to merely incorporate the allegation in the charging instrument. Instead, it must also apply the law to the facts adduced at trial. This is because 'the jury must be instructed under what circumstances they should convict, or under what circumstances they should acquit.' ").

Id. at 128 (internal quotation marks omitted).

Vega, 394 S.W.3d at 520.

See Tex. Penal Code §§ 2.03, 9.02.

Vega, 394 S.W.3d at 520.

Alonzo v. State , 353 S.W.3d 778, 783 (Tex. Crim. App. 2011) ("The Court of Appeals erred by holding that a defendant can be convicted for a lesser-included offense when a fact-finder has acquitted the defendant for the greater offense based on a justification defense[.]").

Vega , 394 S.W.3d at 519.

Barrera , 982 S.W.2d at 416.

Williams , 547 S.W.2d at 20.

See Alonzo , 353 S.W.3d at 783 ; Tex. Penal Code § 2.03(d) ("If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted.").

Posey , 966 S.W.2d at 63 (citations omitted).