**Affirmed and Memorandum Opinion filed April 25, 2024.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

**NO. 14-23-00662-CR**

**NADONTE PUGH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1502705**

## MEMORANDUM OPINION

Appellant Nadonte Pugh appeals his conviction for capital murder challenging the sufficiency of the evidence and the trial court's failure to sua sponte instruct the jury on the lesser-included offense of murder. Concluding the evidence supports appellant's conviction and he did not preserve error by requesting a lesser-included offense instruction, we affirm.

## BACKGROUND

Appellant entered a Raceway convenience store, pointed a gun at Faizan Shaikh, who was operating the cash register, and attempted to rob Shaikh. Shaikh backed away from appellant and ran toward a back room of the store. Ziaul Siddiqui, another store employee, was already in the back room and tried to close the door to the room attempting to bar appellant's entrance. Appellant tried to force the door open; Siddiqui, unable to close the door, pulled out a gun and shot appellant in the groin. While trying to force open the door, appellant pointed his gun at Siddiqui and shot him four times killing Siddiqui. All of this was captured on the convenience store's surveillance cameras, footage of which was admitted into evidence at appellant's trial.

Hua Li, a patron of the convenience store, arrived just as appellant was trying to push his way into the back room. Li rushed out of the store when he saw appellant holding a gun. Before Li could reach his car he heard gunshots. Li called 9-1-1 and reported the robbery and "five or six" gunshots fired.

Officer Angel Martinez responded to a call about a gunshot victim in a hospital in Humble who had been shot in the groin. Martinez recorded his visit with the gunshot victim on his body-worn camera, which was admitted into evidence as State's exhibit 71. The gunshot victim identified himself as appellant.

Faizan Shaikh, the cashier on the night of the offense, testified to the events on that night. Two days after the robbery/homicide, Shaikh identified appellant as the perpetrator in a photographic lineup. Shaikh also identified appellant at trial.

The jury convicted appellant of capital murder. Because the State did not seek the death penalty, appellant was sentenced to life in prison without the possibility of parole. *See* Tex. Penal Code § 12.31(a)(2). This appeal followed.

ANALYSIS

In two issues appellant challenges (1) the sufficiency of the evidence to support his conviction; and (2) the trial court's failure to sua sponte instruct the jury on the lesser-included offense of murder.

## I. The evidence is sufficient to support appellant's conviction for capital murder.

Appellant first asserts the evidence is insufficient to convict him of capital murder because there is no evidence that he intended to kill Siddiqui.

When reviewing sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We do not sit as a thirteenth juror and may not substitute our judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic to ultimate facts. *Id*.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to the elements of the offense as defined by the hypothetically correct jury charge for the case. *Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018). The hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id*. The "law as authorized by the indictment" includes the statutory elements of the

3

offense as modified by the indictment. *Id.*

As pertinent here, a person commits the offense of capital murder if "the person intentionally commits the murder in the course of committing or attempting to commit . . . robbery[.]" Tex. Pen. Code § 19.03(a)(2). Appellant does not dispute that legally sufficient evidence supports the jury's findings that he killed Siddiqui while committing a robbery. Appellant asserts, however, that since he was shot in the groin, the evidence showed that a "struggle" occurred casting doubt on appellant's intent to kill Siddiqui.

Proof of a mental state such as intent almost always depends on circumstantial evidence. *Payne v. State*, 502 S.W.3d 829, 832 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A jury may infer intent from any facts that tend to prove its existence, including the acts, words, or conduct of the accused, and the method of committing the offense. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). "Naturally, the most obvious cases and the easiest ones in which to prove a specific intent to kill, are those cases in which a firearm was used and was fired or attempted to have been fired at a person." *Godsey v. State*, 719 S.W.2d 578, 581 (Tex. Crim. App. 1986).

Here, the jury viewed video of the offense from several camera angles taken inside the convenience store. The jury saw appellant point a handgun at Shaikh, the cashier, and when Shaikh retreated to the back room, appellant chased him. While Siddiqui tried to close the door to the back room, appellant pushed the door open and shot Siddiqui four times. The surveillance video clearly shows appellant brandishing a gun, shooting Siddiqui, and running out of the store. If there was evidence of a struggle it was because appellant was chasing the employees of the convenience store into the backroom, then pushed the door open, and shot the complainant four times. "Evidence that the defendant arrived at the scene of the

4

crime carrying a loaded weapon is probative of deliberate conduct." *Adanandus v. State*, 866 S.W.2d 210, 216 (Tex. Crim. App. 1993). "[E]vidence of a struggle does not necessarily negate deliberate conduct." *Id*. The video evidence viewed by the jury is sufficient to demonstrate that appellant's actions were deliberate, and that by shooting the gun at Siddiqui appellant intended to commit murder.

Having reviewed the record in the light most favorable to the verdict, we conclude a rational jury had sufficient evidence to support a finding that appellant intended to kill Siddiqui. We overrule appellant's first issue.

## II. Appellant did not preserve error on his request for a lesser-included offense instruction.

In appellant's second issue he contends the trial court erred in failing to instruct the jury on the lesser-included offense of murder.

Before the charge was read to the jury, the trial court asked if both sides had an opportunity to review the draft charge. Appellant's counsel affirmed that he had reviewed the charge and had no objections. On appeal, appellant contends the trial court erred in failing to instruct the jury on the lesser-included offense of murder even though he did not request this instruction. He further contends the error caused him egregious harm under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

The trial court has a duty to sua sponte instruct the jury correctly on the law applicable to the case. *See Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998). But a jury instruction on a defensive issue is not considered the "law applicable to the case," unless the defense requests its inclusion in the charge or objects to its omission. *See Tolbert v. State*, 306 S.W.3d 776, 779–80 (Tex. Crim. App. 2010). Accordingly, the court has no duty to sua sponte instruct the jury on defensive issues. *See Williams v. State*, 662 S.W.3d 452, 455 (Tex. Crim. App. 2021) ("a trial court

5

has no duty to sua sponte instruct on a lesser-included offense."). A trial court does not err by failing to instruct the jury on an issue that was, by virtue of the defendant's silence, inapplicable to the case. *Mendez v. State*, 545 S.W.3d 548, 552 (Tex. Crim. App. 2018).

The charge given to the jury in this case did not include an instruction on the lesser-included offense of murder. The trial court discussed the jury charge with counsel, and counsel stated they had no objections. On appeal appellant does not contend that he requested a lesser-included offense instruction or objected to its absence. The trial court therefore did not err in failing to instruct the jury on the lesser-included offense. *Tolbert*, 306 S.W.3d at 780–81. Accordingly, there was no jury-charge error to which *Almanza's* analysis concerning egregious harm could apply. *Id*. at 779, 782; *see also Williams*, 662 S.W.3d at 461 ("when the complained-of error is the lack of a defensive instruction, the *Almanza* framework does not apply.").

Appellant asserts his case is distinguishable from *Tolbert*. Appellant alleges "this is not a situation where the defendant/appellant is trying to game the appellate system by resurrecting an all-or-nothing defense that fell flat." In *Tolbert*, the defendant was tried for and convicted of capital murder. *Id*. at 777–78. At trial, she did not request that the jury be charged on the lesser-included offense of murder. *Id*. at 778. Instead, she sought an acquittal on the basis that she did not commit capital murder. *Id*. On appeal, however, she argued that the trial court had to include the lesser-included offense instruction even though she had not objected to its omission from the charge. *Id*. at 778–79. The Court of Criminal Appeals disagreed; it held that the trial court did not err in failing to instruct the jury on the lesser-included offense, as the lesser-included offense was not applicable to the case in the absence of a request or objection by the defendant. *Id*. at 781. The court noted that the omission

of this instruction from the charge was consistent with the defendant's "all or nothing" trial strategy of seeking an outright acquittal. *Id*.

We disagree with appellant's characterization of the court's holding in *Tolbert* and conclude it is not distinguishable from the instant case. The court in *Tolbert* stated a bright-line rule: a defendant may not claim error based on the trial court's failure to give a lesser-included offense instruction that he did not seek at trial through request or objection. *Id*. at 781–82; *see also Bowen v. State*, 374 S.W.3d 427, 430 (Tex. Crim. App. 2012) (failure to seek inclusion of lesser-included offense instruction at trial results in waiver of right to complain about its omission on appeal). While the court's rationale for this rule rested on the strategic considerations that often underlie the decision to seek or forgo an instruction on a lesser-included offense, the court did not hold that defendants could claim error so long as they could show that they were not "trying to game the appellate system" by first seeking outright acquittal at trial and then reversal based on the failure to give an unrequested lesser-included offense instruction on appeal. Appellant failed to preserve error on his jury-charge issue; therefore, we overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's issues on appeal we affirm the judgment of conviction.

/s/ Jerry Zimmerer
   Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).