

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1101-19

### WILLIE MAURICE HERVEY, JR., Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### WICHITA COUNTY

KELLER, P.J., filed a concurring opinion in which YEARY and KEEL, JJ., joined.

The Court says that the State forfeited error by not objecting to the inclusion of a defensive instruction in the jury charge. This holding is problematic for four reasons and is not necessary to the resolution of the case. First, the State is not the appealing party, and the Court cites no authority for the proposition that a non-appealing party can forfeit jury charge error in this way. Second, the Court's conclusion is at odds with our recent decision in *Lozano v. State*,[1] where we held that an

[1] 636 S.W.3d 25 (Tex. Crim. App. 2021).

error in a defensive instruction was harmless because the defendant was not even entitled to the instruction. Third, the Court's forfeiture conclusion is inconsistent with the holding in *Almanza v. State*[2] that the absence of an objection to an error in the jury charge does not forfeit the error entirely but merely changes the harm analysis. Fourth, by encouraging the State to object when the defendant's entitlement to a defensive issue is uncertain, the Court's forfeiture rule undermines the policy of taking a cautious approach that favors giving defensive instructions. For these reasons, I think the Court should just assume, without deciding, that Appellant was entitled to a voluntariness instruction on the charged offense and then proceed with the remainder of its analysis.

**1. The State is not the appealing party here.**

The Court cites no authority for the proposition that the law of forfeiture can work in the way the Court claims. The State prevailed at trial by obtaining a conviction and is not the appealing party. An appellee, who is the "winning" party, does not have to preserve error.[3] There is perhaps a sense in which the State can be said to have "lost" because Appellant got a defensive issue that the State now thinks he was not entitled to. But the State is not asking for relief. It is not filing a cross-point asking us to find error in the trial court.[4] It is simply asking this Court not to grant relief on Appellant's complaint because Appellant's non-entitlement to the instruction means that he received a windfall, and so suffered no harm. If it hadn't done so before, the Court legitimized that sort of argument in *Lozano*.

**2. The Court's forfeiture holding is contrary to *Lozano*.**

---

[2] 686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh'g).

[3] *Martell v. State*, 663 S.W.3d 667, 672 (Tex. Crim. App. 2022).

[4] *See* TEX. CODE CRIM. PROC. art. 44.01(c).

In *Lozano*, the jury charge included the defense of deadly force in self-defense.[5] But the self-defense instructions included erroneous language about a duty to retreat.[6] In finding the errors harmless, we did a full-blown *Almanza* analysis, but the fact that Appellant was not even entitled to a deadly-force self-defense instruction was a determinative part of each of the four factors in the analysis.[7] In looking at the entirety of the jury charge, we explained, "[T]he jury charge factor only slightly weighs in favor of an egregious-harm finding here where there is no evidence that Appellant acted in self-defense with his use of deadly force when he shot and killed Jorge."[8] We held that the "state of the evidence and contested issues" factor weighed against Appellant because he "was not entitled to a charge on self-defense"[9] and "deadly force self-defense was not raised by the evidence."[10] On the "arguments of the parties" factor, we held, "Erroneous arguments of counsel about a defensive issue not raised by the evidence do not weigh in favor of finding egregious harm because the error benefitted the defendant."[11] And on the "other relevant information" factor, we explained that, though the self-defense instruction was worded erroneously, the defendant "was still provided with the windfall of a possible acquittal" and that the instructions "increased the State's

---

[5] 636 S.W.3d at 29-30.

[6] *Id.*

[7] *Lozano*, 636 S.W.3d at 31-35.

[8] *Id.* at 31-32.

[9] *Id.* at 32.

[10] *Id.* at 34.

[11] *Id.*

burden of proof" beyond what the law actually required.[12]

*Lozano* did not say whether the State objected to the instructions. But the analysis clearly assumed that such an objection would not be necessary. A major point *Lozano* made was that the defensive instruction, albeit erroneous, was still a "windfall" to the defendant. That "windfall" language is reminiscent of our decision in *Malik v. State*, where we held, in the context of a sufficiency review, that the State did not have to object to an error in the jury charge that increased the State's burden of proof.[13] The reasoning in *Malik* supports the holding in *Lozano*: A windfall in the jury instructions should not result in a new trial any more than it would result in an acquittal. If the wrongness of a defensive instruction just makes the instruction less favorable, and the defendant was not entitled to the instruction in the first place, it still can only benefit the defendant, and so the error is harmless.[14]

The Court does not even cite *Lozano*, much less distinguish or overrule it. *Lozano* makes sense, and we should continue to adhere to it.

**3. The Court's forfeiture holding conflicts with *Almanza*.**

Saying that the State "lost" and can forfeit error creates problems under our *Almanza* jurisprudence. Under *Almanza*, error in the jury charge is never truly forfeited—the absence of an

---

[12] *Id.* at 34-35.

[13] 953 S.W.2d 234, 239 (Tex. Crim. App. 1997) (criticizing old *Benson*/*Boozer* rule that required an acquittal when "the State failed to object to an erroneous and/or unnecessary instruction favorable to the defendant" because it contemplated that a guilty person would be acquitted because he "received a windfall in the jury instructions").

[14] If, in an unusual case, an erroneous defensive instruction puts a defendant in a worse position than he would be without the defensive instruction at all, nothing in *Lozano* prevents an appellate court from considering that fact in conducting a harm analysis.

objection simply affects the standard of harm, making "egregious harm" the applicable harm standard.[15]  What might seem like an exception to that principle is really an expression of it:   A defensive issue that is raised by the evidence but not requested by the defense is forfeited, but that is because *it is not error* for the jury charge to omit an unrequested defensive issue, even one that is raised by the evidence.[16]  But the *inclusion* of a defensive issue that is *not* raised by the evidence is clearly an "error" in the jury charge, even if that particular error prejudices only the State.[17]

If *Almanza* applies to the defendant, why doesn't it apply to the State?  If *Almanza* applied to the State, the State's failure to object to the inclusion of the defensive issue in the charge would be analyzed for egregious harm.  But then the question would be: *How* would that harm analysis work?  By the time the case is before an appellate court, the jury will have convicted the defendant despite the erroneous submission of a defensive issue.  Reversal in favor of the defendant would seem to undo the obvious lack of harm to the State shown by the fact that the defendant was convicted.  So could we find harm by looking at the State having to retry the case on the basis of an error in a defensive instruction the defendant was not entitled to?  Practically speaking, that would duplicate the result of the rule in *Lozano*, but by a more circuitous route.

**4. The Court's forfeiture holding conflicts with taking a cautious approach to defensive instructions**.

---

[15]  *Williams v. State*, 273 S.W.3d 200, 223 (Tex. Crim. App. 2008).

[16]  *Mendez v. State*, 545 S.W.3d 548, 552 (Tex. Crim. App. 2018).

[17]  *See Bennett v. State*, 726 S.W.3d 32, 36-37 (Tex. Crim. App. 1986) ("That it would have been *error* for the trial court to have given an instruction on the law of defense of a third person *as it pertained to appellant, since that issue was not raised by the evidence*, does not mean the court lacked authority to instruct the jury on the deceased's right to defend a third person, should a full assessment of appellant's claim of self-defense, as developed by the evidence, warrant it.") (emphasis added).

In *Grey v. State*, we explained, in the context of lesser-included offenses, that the State might sometimes want a lesser-included offense even when a defendant might not be entitled to its submission.[18] We explained that, among other reasons, "[t]here can be a legitimate dispute about the meaning of the language" of an element of an offense and that "appellate interpretations of statutes are not always foreseeable and can even involve the overruling of precedent."[19] We counseled that the State should take a "cautious approach" that favors submitting lesser-included offenses.[20] This approach should be based not merely on maximizing the chance of a conviction but also on meeting the prosecutor's duty "to see that justice is done."[21]

Lesser-included offenses are in some ways like defensive issues,[22] and I think the reasoning in *Grey* applies here. The cautious approach is to err on the side of the defendant when it comes to giving a defensive instruction. In a marginal case, where the defendant's entitlement to a defensive instruction is uncertain, it would be better for the trial court to give the instruction rather than have the parties litigate it on appeal. The State might refrain from objecting for just that reason. Such caution should be encouraged. But the Court's forfeiture holding today is contrary to a cautious approach because it would encourage the State to object in a marginal situation, lest it lose an argument for upholding the conviction later on appeal. And if the State objects more often to defensive instructions, trial courts are going to deny them more often.

---

[18] 298 S.W.3d 644, 650-51 (Tex. Crim. App. 2009).

[19] *Id.*

[20] *Id.* at 651.

[21] *Id.*

[22] *Tolbert v. State*, 306 S.W.3d 776, 780 (Tex. Crim. App. 2010).

**5. We do not need to address the forfeiture issue.**

If the Court wishes to avoid addressing whether the submitted voluntariness defensive issue was raised by the evidence in this case, it can do so without imposing a forfeiture rule. The Court decides this case adversely to Appellant anyway, so all it has to do is assume without deciding that the voluntariness instruction was raised by the evidence and then continue with the remainder of its analysis.

Because the Court creates an untenable forfeiture rule that conflicts with *Lozano*, *Malik*, and *Almanza*, and conflicts with a cautious approach to submitting defensive issues, I cannot join its opinion but concur in the Court's judgment.

Filed: May 1, 2024
Do Not Publish