# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-24-00091-CR
NO. 03-24-00092-CR
NO. 03-24-00093-CR

---

**Timothy Paul Bradshaw, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 21ST DISTRICT COURT OF LEE COUNTY
NOS. 9902, 9903, & 9904
THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Timothy Paul Bradshaw was convicted by jury of murder, kidnapping, and aggravated assault with a deadly weapon and assessed punishment at 99 years' confinement, two years' confinement, and two years' confinement, respectively. *See* Tex. Penal Code §§ 19.02(b)(1), 20.03(a), 22.02(a)(2). In one issue, Appellant contends that the evidence is insufficient to support the jury's rejection of his claim that he acted in self-defense for the charge of murder. He does not challenge his convictions for kidnapping or aggravated assault with a deadly weapon. We will affirm the trial court's judgments of conviction.

## STANDARD OF REVIEW AND APPLICABLE LAW

A person is justified in using deadly force against another (1) if the actor would be justified in using force against the other person; and (2) when and to the degree the actor

reasonably believes the deadly force is immediately necessary to protect the actor against the other's use or attempted use of unlawful deadly force. Tex. Penal Code § 9.32(a). A "person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." *Id*. § 9.31(a).

When a claim of self-defense is raised, the defendant bears the burden to produce evidence supporting the defense, while the State bears the burden of persuasion to disprove the raised defense. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018). The burden of persuasion does not require the production of evidence but only that the State prove its case beyond a reasonable doubt. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). A finding of guilt by the jury to the charged offense is an implicit finding against the claim of self-defense. *Id.*

The evidence is sufficient to support the jury's rejection of the defense if, after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of murder beyond a reasonable doubt and would have found against the defendant on the self-defense issue beyond a reasonable doubt. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The credibility and weight of the evidence is a determination for the jury alone, and the jury is free to accept or reject the defensive evidence. *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010).

## DISCUSSION

The jury charge authorized Appellant's conviction for murder if Appellant intentionally or knowingly caused the death of Brian Maxwell, by shooting him with a firearm and included self-defense instructions. Appellant does not dispute that he intentionally fired the shots that killed Maxwell or that the State proved the essential elements of the offense of murder, but instead argues that "uncontroverted evidence at trial clearly shows that the appellant reasonably believed the use of force was necessary."

Appellant testified that the night he shot Maxwell he had fought with his girlfriend Abigayle (Abby) Haines and asked her to leave and that Maxwell had driven to the property to pick her up. When Maxwell drove up, Appellant walked over to the truck and spoke to Maxwell. When Maxwell reached low between the seats of his truck, Appellant asked Maxwell to turn the light on in the cab, which he did. Appellant testified that he became concerned Maxwell was reaching for a weapon so he pulled his gun and asked Maxwell to show his hands. When Maxwell raised his hands, he reached out of the window and grabbed Appellant by the arm. Appellant testified that when he tried to pull away, Maxwell pulled back and that he fired on Maxwell three times, killing him.

Appellant asserts that "undisputed facts here point to only one logical inference" that he acted in self-defense and responded reasonably to Maxwell's actions against him. He also cites that after Maxwell's death a zipgun, knuckles and a knife were found in his truck.

However, Appellant's account of Maxwell's actions justifying self-defense relies solely upon his own testimony. *See Perales v. State*, 622 S.W.3d 575, 582 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd) (explaining that factfinder "was free to disregard appellant's self-serving testimony"). When conducting our sufficiency review, we must defer to the jury's

3

determinations of the witnesses' credibility and the weight to be given their testimony and the jury could have disbelieved Appellant's testimony. *See Jackson*, 443 U.S. at 326; *Brooks*, 323 S.W.3d at 899–900.

Other testimony at trial contradicted Appellant's account of the events of that night. *Cf. Mendez v. State*, 515 S.W.3d 915, 921–22 (Tex. App.—Houston [1st Dist.] 2017) (concluding that evidence was sufficient to support rejection of self-defense claim after explaining that defendant ignored evidence refuting self-defense), *aff'd*, 545 SW.3d 548 (Tex. Crim. App. 2018). Haines testified that Appellant believed she was having an affair with Maxwell and forced her to call Maxwell that night and ask him to come to the house to help her move her possessions out. After she made the call, Appellant, wielding his .22 pistol and air rifle, forced her to handcuff herself to a bed rail inside the house, walked outside, and turned off the outdoor lights. Haines testified that during the shooting, she was watching a screen in the bedroom that was linked to security cameras and that she saw a vehicle's headlights come up to the carport and sit for a moment before backing down the driveway. Appellant came back inside, Maxwell was summoned again, and Appellant returned outside. Haines then saw the headlights drive back up the driveway, stop at a curve in the drive about a hundred feet from the house and suddenly reverse, when she saw three flashes and heard three gunshots. Haines had called 911 and was on the call when she heard the gunshots and told the operator that Appellant had shot Maxwell.

A series of text messages taken from Haines's phone show repeated requests for Maxwell to come inside and help her with boxes, and responses from Maxwell, including "I don't know my way around this place," "If you are coming then come out as this is starting to make me feel a certain kind of way," and "I'm leaving already. I don't know what is going on

4

but I'm back out here on the road. I'll wait another five minutes but I'm not trying to be off in that trap spot." Haines testified that Appellant took her phone during the incident and that she did not text Maxwell to come to the home.

Appellant's mother testified that Appellant had been fighting with Haines in the week leading up to the shooting and that he believed Haines was having "relations" with someone else. *See Reaves v. State*, 970 S.W.2d 111, 118 (Tex. App.—Dallas 1998, no pet.) (noting that evidence of extramarital affair can show motive to kill and rebut claim of self-defense).

Additionally, law enforcement officers who responded to the scene testified that when they encountered Appellant in a wooded area of the property, he seemed agitated, did not mention having shot someone, denied having a gun, and did not state he had shot someone in self-defense. Officers found an air rifle, pistol, and two phones in the wooded area where Appellant had been after the shooting. After his arrest, .22 caliber bullets were found in the toilet of the holding cell where Appellant was detained. *See Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004) (citing attempts to conceal incriminating evidence, inconsistent statements, and implausible explanations to police as probative of guilt).

In his own testimony, Appellant admitted that he tried to compel Haines to execute an affidavit whose contents he dictated and that he had lied to officers the night of the shooting both about having a gun and no one being on the property. *See King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000) (citing false statements as indicating consciousness of guilt). The affidavit stated that Haines was the only person who talked to Maxwell that night and that Haines sent and received the text messages.

5

Given the evidence presented, the jury—as the sole judge of credibility of the evidence—could have found that Appellant was not credible. *See Saxton,* 804 S.W.2d at 913–14. Thus, the jury could have believed that Maxwell was not attempting to use unlawful deadly force, that Appellant's use of force was not immediately necessary, or that Appellant did not have a reasonable belief that force was necessary. The State had no burden to affirmatively produce evidence refuting the self-defense claim. *Id*. at 913.

Additionally, the jury could have considered Appellant's conduct following the shooting as showing consciousness of guilt. *See Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.) (citing evidence of "consciousness of guilt," including efforts to suppress or fabricate evidence, as strong evidence of guilt and admissible as circumstance tending to prove guilt of charged offense); *see also Balderas v. State*, 517 S.W.3d 756, 767 & n.16 (Tex. Crim. App. 2016) (citing evidence of flight as demonstrating a consciousness of guilt); *Guevara*, 152 S.W.3d at 50; *King*, 29 S.W.3d at 565.

Considering all the evidence in the light most favorable to the prosecution, we conclude the jury rationally could have found each element of the offense of murder was proven beyond a reasonable doubt and rationally could have rejected Appellant's self-defense claim. *See Hill v. State*, 99 S.W.3d 248, 253 (Tex. App.—Fort Worth 2003, pet. ref'd). Accordingly, we overrule Appellant's issue on appeal.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgments of conviction.

6

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis and Crump

Affirmed

Filed:   April 3, 2025

Do Not Publish