

# In the Court of Criminal Appeals of Texas

---

No. PD-0284-25

---

BOBBY CARL LENNOX, *Appellant*

v.

THE STATE OF TEXAS

---

On State's Petition for Discretionary Review
From the Sixth Court of Appeals
Lamar County

---

YEARY, J., filed a dissenting opinion in which SCHENCK, P.J., joined.

This Court explained in *Mendez v. State*, 545 S.W.3d 548, 552 (Tex. Crim. App. 2018), that "not every defense-benefitting instruction is 'law applicable to the case,' such that its exclusion from the [jury] charge is necessarily erroneous" under *Almanza. See* Tex.

CODE CRIM. PROC. art. 36.14 (trial court is obliged to "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case"); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)(construing TEX. CODE CRIM. PROC. art. 36.19 to mandate reversal of convictions for unobjected-to jury charge error that causes "egregious harm"). In fact, this Court has observed many times over that certain jury instructions, like self-defense/defense-of-a-third-party and mistake of fact, as well as lesser-included offense instructions, and even instructions on the burden of proof pertaining to extraneous-offenses, are defensive in nature. As such, they do not constitute law of the case unless they are requested by the defense.[1] When there has been no defensive objection or request, they are not subject to *Almanza*'s "egregious harm" analysis. *Mendez*, 545 S.W.3d at 552. "[A] trial court does not err by failing to instruct the jury on an issue that was, by virtue of the defendant's silence, simply inapplicable to the case." *Id*.

In this case, Appellant himself did not even complain of jury charge error *on direct appeal*. The court of appeals addressed that issue of its own volition, as unassigned error. *State v. Green*, 682 S.W.3d 253,

---

[1] *See Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007); *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998), *Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010), and *Delgado v. State*, 235 S.W.3d 244, 254 (Tex. Crim. App. 2007).

at 262 n. 5 (Tex. Crim. App. 2024).[2] "But errors that are subject to procedural default may not be remedied by the appellate court as unassigned error unless the error was in fact preserved in the trial court." *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

In *Green* this Court concluded that Section 32.21(e-1) of the Penal Code carved out a separate offense, with additional elements, and that it is not merely a separate punishment-enhancement scheme. TEX. PENAL CODE § 32.21(e-1); *Green*, 682 S.W.3d at 278. The Court today alludes to that conclusion as essentially the be-all and end-all of its analysis, and it thereby rejects the State's argument that Appellant forfeited his right to a jury instruction by failing to request it. *See* Majority Opinion at 7–8.

But *Green* did not *just* hold that Subsection (e-1) was elemental rather than punishment enhancing. In its last two pages, it also went on to treat the Subsection (e-1) issue as essentially *defensive* in nature—at least in the context of a prosecution in which the State has *originally* pled a Subsection (d) or (e) offense. *See Green*, 682 S.W.3d at 278 ("As a practical matter, . . . if the State charges a forgery offense under subsections (d) or (e) of Section 32.21, but the facts show that the defendant's offense also falls under the value ladder in [S]ubsection (e-1)[,] and (e-1) would result in a reduced offense classification, then the

---

[2] The court of appeals determined only that it was "fairly raised" in the course of the arguments Appellant made relating to his illegal sentence claim.

defendant is entitled to be convicted and punished under [S]ubsection (e-1). Under those circumstances, he may raise a claim that he is being prosecuted under the wrong statutory subsection as a basis for having his offense reduced under the value ladder."); *id.* at 279 ("[I]f the defendant believes he is being prosecuted under the wrong subsection and is instead entitled to be prosecuted under the value ladder, he may raise such a claim[.]"). On page 278 specifically, the Court also observed that "[w]e understand [the] statutory structure [of Section 32.21] to effectively operate as a codification of the *in pari materia* doctrine." *Id.* at 278. The Court then cited two cases by way of analogy: *Azeez v. State*, 248 S.W.3d 182, 192 (Tex. Crim. App. 2008), and *Diruzzo v. State*, 581 S.W.3d 788 (Tex. Crim. App. 2019).

In each of those *in pari materia* analog cases, as here, the defendant claimed that he was being prosecuted under one statutory provision when, under due process principles, he should have been prosecuted under another equally applicable, but less onerous, statute. In both cases, the Court observed that the defendant had taken pains *to preserve* his complaint in a timely manner for appellate review. *Azeez*, 248 S.W.3d at 193–94; *Diruzzo*, 581 S.W.3d at 797–98. In this case, however, there was no similar attempt to preserve the question.

This Court understood in *Green* that an indictment that alleges an offense under Section 32.21(d) or (e), is not objectionable. *Green*, 682 S.W.3d at 278. In the absence of a request for a separate defensive

*in pari materia* instruction predicated on Subsection (e-1), the trial court's charge to the jury addressing only the elements of the offense as it was charged was not only not erroneous, it was *correct*. The *in pari materia* issue arises under such an otherwise-unobjectionable indictment only when it becomes apparent, either from the face of the indictment or during the course of trial, that, rather than having pled the offense under Subsection (d) or (e), the State *might* have more appropriately charged the defendant under some part of Subsection (e-1) that would render the offense of a lesser degree. *Id.*

Elemental though the provisions of Subsection (e-1) may be, the Court in *Green* treated what it considered an *in pari materia* issue as one which should be called to the trial court's attention before it would become actionable on appeal. *Id.* Indeed, rather than treating the Subsection (e-1) elements as an "exception," which the State would have been obliged to plead and prove in order to obtain a Subsection (d) or (e) conviction,[3] the Court described the *in pari materia* issue as no more than a "defensive matter[.]" *Id.* at 279.

I would conclude that a Subsection (e-1) *in pari materia* issue is essentially defensive in nature. As such, it does not become "law

---

[3] *See* TEX. PENAL CODE § 2.02 (providing that an "exception" must be negated in the charging instrument and established by proof beyond a reasonable doubt).

applicable to the case" impacting the jury charge unless and until there is an objection to the jury charge for failing to submit the Subsection (e-1) elements to the jury as an alternative to a Subsection (d) or (e) offense alleged in the indictment.[4] Absent such an objection, there would be no identifiable error in the jury charge that would trigger *Almanza*'s egregious harm analysis and authorize the court of appeals to reverse the conviction on the basis of unassigned error.[5]

The Court suggests today that Subsection (e-1) cannot possibly operate as a defensive issue, but instead must always be regarded as "law applicable to the case"—even when a forgery case is originally pled under Subsections (d) or (e)—because the statute plainly provides that both Subsections (d) and (e) are "[s]ubject to Subsection (e-1)[.]" Majority Opinion at 8. But such a scheme, as the Court in *Green*

---

[4] In a case like this one, the applicability of the value ladder established in Subsection (e-1) is dependent on a fact question: whether "the actor engaged in the conduct to obtain or attempt to obtain a property or service[.]" TEX. PENAL CODE § 32.21 (e-1). Issues of fact like that are not for appellate courts to resolve; they are to be resolved by a trier of the facts—when and only when they are appropriately raised and requested. The question of what burden should apply to such fact issues, as well as the question of upon whom any such burden rests, is not presented in this case, so I will not plunge head-long into those questions at this point. Suffice it to say that the answer to those questions might ultimately depend, it seems to me, on who raises the issue.

[5] None of this answers the question of whether counsel who fails to raise the *in pari materia* Subsection (e-1) question in a given case might have performed in a constitutionally ineffective manner. But that question is not raised in this proceeding, so it would be inappropriate to attempt to answer it here.

understood, is impractical to the point of unworkability. It places an undue burden on the courts, at both the trial and appellate levels, to actively police whether the prosecution has overstepped in its otherwise legitimate pleading—an anomalous, even anti-systemic requirement to impose on the judiciary in what is supposed to be an adversarial system. And it raises hard questions that the Court today does not acknowledge.

For example, consider the flip-side scenario. Suppose the State alleged forgery involving a check in an indictment under Subsection (d). This would, on its face, present a state jail felony. Suppose, also, that "it was shown on the trial" of the offense that the actor engaged in the offense to obtain a property or service, the value of which exceeded $30,000. Would it be incumbent on the trial court to instruct the jury *sua sponte* that it is also authorized to convict the actor, not for the state jail felony alleged, but for the greater offense set out in Subsection (e-1) (5), (6), or (7)? Because, after all, Subsection (d) is "[s]ubject to Subsection (e-1)"! Suppose the State were to object, insisting that it preferred to convict the actor of the state jail felony offense instead, and did not desire a conviction for the greater offense? Must the trial court overrule that objection? If the fact that Subsections (d) and (e) are "[s]ubject to Subsection (e-1)" means that Subsection (e-1) automatically becomes "law applicable to the case" *whenever* the elements of Subsection (e-1) are "shown" at trial, then the trial court would have to overrule the State's objection and instruct the jury on the

greater (albeit unpled) offense. I doubt the Court would condone *that* result.

I respectfully dissent.

**FILED:**                                    January 29, 2026
**PUBLISH**