

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00053-CR

———————————————————

DEXTER BLACK, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from 211th District Court
Denton County, Texas
Trial Court No. F22-2241-211

---

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION

In 2022, Appellant Dexter Black was arrested for aggravated assault after he caused serious bodily injury to Conner Guerrero by striking him during a dispute. Black pleaded not guilty—relying on self-defense and defense of property—but a jury found him guilty and convicted him of aggravated assault, and the trial court made an affirmative finding of family violence. *See* Tex. Penal Code Ann. § 22.02(a)(1); *see also* Tex. Code Crim. Proc. Ann. art. 42.013.

In three issues on appeal, Black complains that (1) the evidence was insufficient to support the jury's verdict, (2) the trial court erred in giving the jury sua sponte defensive instructions, and (3) the evidence was insufficient to support the trial court's finding that the offense involved family violence. We will affirm in part and reverse in part.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Early one morning in April 2022, several people at an apartment complex heard Leslie Walker—Black's girlfriend—screaming for help and threatening to jump off his apartment balcony. Two residents of a different unit at the complex, Allison Blimline and Connor Guerrero,[1] awoke to the commotion, called 9-1-1, and went to Black's apartment to offer assistance to Walker. Upon their arrival at his unit,

---

[1]Blimline and Guerrero were in a dating relationship in April 2022.

Guerrero and Blimline heard Walker's continued screaming, and Black answered the door.

After Black opened the door, Walker from inside the apartment, saw Blimline and Guerrero, and said, "[o]h, good. Thank you. Somebody's here . . . Please come help me." Blimline started to enter the apartment to check on Walker, and Black said, "[y]ou want to go inside my apartment? Well, go ahead then." When Blimline entered the apartment, Guerrero tried to follow her but Black started to close the door to keep him out. In response, Guerrero put his body between the door and the doorframe, but Black struck Guerrero in the head—knocking him out. While inside the apartment, Blimline heard a scuffle behind her, and when she turned around, she saw Guerrero fall to the ground.

Police arrived soon after, and Black was arrested for assault family violence against Walker and aggravated assault against Guerrero. As a result of Black's strike, Guerrero received a concussion and lacerations that caused scarring on his lip and cheek. Black told police that Guerrero had trespassed into his home and gotten physical with him, so he "knocked him out with a punch." Guerrero was not arrested for assault or trespass.

At trial, Guerrero testified that he did not swing, push, or lay his hands on Black. Despite this testimony, Black requested jury instructions for self-defense and defense of property, and both instructions were included in the trial court's charge. The trial court also included sua sponte instructions for defense of a third person and

3

necessity. There was no objection to the inclusion of these sua sponte instructions or any portion of the trial court's charge by either party.

The jury found Black not guilty of the assault family violence impeding breath[2] against Walker but found him guilty of the aggravated assault against Guerrero. The jury assessed his punishment at five years' confinement in the Institutional Division of the Texas Department of Criminal Justice, and the trial court entered an affirmative finding of family violence on the judgment. Black brought this appeal. We address Black's second issue—the trial court's inclusion of sua sponte jury instructions—first.

### III. DISCUSSION

#### A. DEFENSIVE INSTRUCTIONS

In his second issue, Black argues that the trial court erred in giving sua sponte instructions for defense of a third person and necessity when there was no evidence to support such defenses and that he was egregiously harmed by their inclusion.

Black raises two sub-parts to this issue in his brief. First, he complains that because there was no evidence that he acted in defense of a third person or necessity, it was error to include the instructions. Second, he argues that defensive instructions are for a defendant, not a State's witness; therefore, if the trial court intended for the instructions to apply to Guerrero's conduct, it was also error to include the instructions. We disagree. The instructions were applicable to Guerrero's conduct,

_____

[2]Black was originally arrested for Class C assault by contact but later charged with the offense of assault family violence impeding breath against Walker.

4

and their inclusion enabled the jury to properly assess Black's claims of self-defense and defense of property.

## 1. Standard of Review and Applicable Law

There is a two-step process for reviewing complaints of jury charge error. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). First, this court determines if an error exists. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). If not, the analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If an error exists, the court reviews the record to determine whether sufficient harm was caused by the error to require reversal of the conviction. *Id.* The degree of harm necessary for reversal depends on whether the appellant preserved the error by objecting to the charge. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). When no objection was made—as here—we use an egregious harm standard. *Id.*

A trial court is statutorily obligated to instruct the jury on the law applicable to the case. Tex. Code Crim. Proc. Ann. art. 36.14. The trial court must instruct the jury on statutory defenses, affirmative defenses, and justifications whenever they are raised by the evidence in the case. *Maciel v. State*, 631 S.W.3d 720, 722 (Tex. Crim. App. 2021). "A defendant is entitled to an instruction on every defensive issue raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted, and even when the trial court thinks the testimony is not worthy of belief." *Walters v. State*, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007). A defense is

5

raised by the evidence if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that the element is true. *Maciel*, 631 S.W.3d at 722. Without a request, a trial court is not required to give a defensive instruction, but on its own initiative, it may do so. *Tolbert v. State*, 306 S.W.3d 776, 777 (Tex. Crim. App. 2010). When a trial court gives a sua sponte instruction to a jury, it assumes the duty to give a correct instruction. *Mendez v. State*, 545 S.W.3d 548, 553 (Tex. Crim. App. 2018).

### 2. Defense of Third Person and Necessity as Applied to Black

Black argues that there is no evidence, as applied to his conduct, to support the sua sponte inclusion of instructions for defense of a third person and necessity. We agree, however, those instructions were not included for his conduct but for Guerrero's and the impact of Guerrero's conduct on Black's.

It is apparent from the trial court's charge that the defenses of a third person and necessity were for the jury to gauge Guerrero's conduct, and Black's brief bears this out. The abstract portion of the charge includes four defense instructions: self-defense, defense of property, defense of a third person, and necessity. However, in the last sentence of this portion, it confines and clarifies the applicable defenses for Black's conduct: self-defense and defense of property.

The relevant section in the abstract portion of the trial court's charge reads,

> "If the State fails to prove every element of the offense charged beyond a reasonable doubt, or if you have a reasonable doubt as to whether **the Defendant was acting in self-defense or**

6

**defense of land**,[3] then you should give the Defendant the benefit of the doubt and say by your verdict 'not guilty.'"

(emphasis added)

Notably, defense of a third person and necessity are not included in this section of the abstract, and Black admits on appeal that the lack of inclusion clearly suggests that these justifications were not intended for himself but for Guerrero. The application portion of the trial court's charge goes on to properly instruct the jury on Black's requested justifications of self-defense and defense of property but does not include defense of a third person or necessity.

We agree that it would have been error for the trial court to have given instructions on the law of defense of a third person and necessity as it pertained to Black—since those issues were not raised by the evidence—yet those instructions were not for him. *Maciel*, 631 S.W.3d at 722. Therefore, we next address whether these defenses were raised by the evidence as it pertained to Guerrero's conduct and whether the trial court erred by giving these instructions to an actor other than Black.

### 3. Defense of Third Person and Necessity as Applied to Guerrero

Black argues that defenses exist solely for the benefit of the accused person. And while we agree that such justifications are for the "person whose criminal responsibility is in issue in a criminal action," even when no evidence exists to support

___

[3]The trial court's charge uses "defense of land" in reference to the protection of one's own property. *See* Tex. Penal Code Ann. § 9.41.

the submission of a defensive instruction for the defendant, the trial court has the authority to instruct the jury on a defense when it is necessary to fully assess a defendant's defensive claim. *See Bennett v. State*, 726 S.W.2d 32, 35 (Tex. Crim. App. 1986); *see also* Tex. Penal Code Ann. § 1.07(a)(2).

Under Section 9.33 of the Texas Penal Code, a person is justified in using force against another to protect a third person if: (1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 in using force to protect himself against the unlawful force he reasonably believes to be threatening the third person he seeks to protect; and (2) the actor reasonably believes that his intervention is immediately necessary to protect the third person. Tex. Penal Code Ann. § 9.33. The actor must have a reasonable belief that the force is immediately necessary—even if the objective evidence shows that the person was never in any real danger. *See Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996).

The law for necessity provides, in relevant part, that conduct "is justified if (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm; and (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct . . . ." Tex. Penal Code Ann. § 9.22.

At trial, Blimline testified that she and Guerrero were initially entering the apartment to help Walker, who was screaming for help and threatening to jump off a

8

balcony. Blimline stated that while they were trying to get into the apartment, Walker yelled, "[o]h, good. Thank you. Somebody's here . . . Please come hep me." She further testified that Black gave her and Guerrero consent to enter, which Black disputed at the scene. Additionally, Blimline testified that while entering the apartment, Walker screamed from the balcony, "He is about to kill both of us. Get out here now."

Guerrero corroborated Blimline's testimony and added that Black attempted to close the door, separating him from Blimline. At that moment, Guerrero feared that Blimline was in danger. Guerrero stated that he did not get physical with Black, which Black also disputed at the scene. Based on the testimony, we conclude that the evidence did raise defense of a third person and necessity as it pertained to Guerrero's conduct.

Black contends that these defensive instructions should only apply to his benefit—not the State or its witnesses. It is true that Guerrero's criminal responsibility was not "in issue" in the sense that he stood to be convicted in this cause. Yet, in claiming self-defense, Black necessarily asserts that the force used against him was unjustified, and hence, unlawful. *See* Tex. Penal Code Ann. § 9.31(a). Where the evidence raises some question whether a person's conduct was justified, as it did in this case, Guerrero becomes "a person whose criminal responsibility is in issue." *See Bennett*, 726 S.W.2d at 36. Accordingly, in charging on the law of defense of a third person and necessity for Guerrero, the trial court ultimately provided the

9

jury with a framework for determining whether Black's subsequent use of force against Guerrero was justified. *Id.*

Should the jury find that Black was using or attempting to use force against Blimline such that Guerrero reasonably believed force was immediately necessary to protect her, then the jury could conclude Guerreros's use of force was justified, and hence not unlawful. *Id.* at 35. Therefore, whether Guerrero's conduct was justified as defense of a third person or necessity was the law applicable to the case and properly informed the jury's evaluation of whether such conduct was lawfully applied against Black.

Blimline testified that she and Guerrero explained to Black that they were "just there to help" and "to get [Walker] inside." Thus, Black was aware of Guerrero and Blimline's purpose for coming to his apartment when he allowed Blimline to enter his apartment and attempted to keep Guerrero out. The facts suggest that Black was in a position to recognize, at the time he acted, that the force being exerted against him— by Guerrero putting himself between the door and doorframe—was justifiable, and hence, lawful.

In making this assessment, the jury necessarily had to evaluate the reasonableness of Guerrero's belief that Black was using or attempting to use force to trap Blimline in his apartment and that the force Guerrero used to prevent Black from closing the door was immediately necessary. Second, the jury also had to determine whether Black, viewed strictly from his standpoint, reasonably believed that Guerrero

was acting lawfully. If the jury found that Black in fact did reasonably believe that Guerrero's conduct was justified, then he would have no right to self-defense or defense of property.

In such a case, Black's reciprocal use of force against Guerrero would not be justified, and it would be proper for the jury to reject his claims of self-defense and defense of property. *See Bennett*, 726 S.W.2d at 35. Therefore, because instructions for defense of a third person and necessity enabled the jury to evaluate Guerrero's conduct in relation to Black's claim of self-defense and defense of property, we conclude that their inclusion was not in error. *Id.* Accordingly, we overrule Black's second issue. *See* Tex. R. App. P. 47.1.

## B. AGGRAVATED ASSAULT CONVICTION

In his first issue, Black complains that, in light of his defenses, the evidence is insufficient to support his conviction for aggravated assault. We disagree.

### 1. Standard of Review and Applicable Law

In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct.

11

at 2789; *Harrell v. State*, 620 S.W.3d 910, 914 (Tex. Crim. App. 2021). The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021). We may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018).

To convict Black of aggravated assault, the jury had to determine beyond a reasonable doubt that he intentionally, knowingly, or recklessly caused serious bodily injury to Guerrero by striking him with his hand. *See* Tex. Penal Code Ann. §§ 22.01; 22.02(a)(1). The jury also had to determine that Black's actions were not made in self-defense or defense of his property. *See Saxton v. State*, 804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991) (stating that self-defense is a fact issue for the jury).

Under the Penal Code, a person is justified in using force against another "when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." Tex. Penal Code Ann. § 9.31(a). An actor's belief is presumed to be reasonable "if the actor knew or had reason to believe that the person against whom the force was used: (A) unlawfully and with force entered, or was attempting to enter unlawfully and with force, the actor's occupied habitation, vehicle, or place of business or employment; (B) unlawfully and with force removed, or was attempting to

12

remove unlawfully and with force, the actor from his habitation, vehicle, or place of business or employment; or (C) was committing or attempting to commit aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery." *Id.* § 9.31(a)(1)(A)–(C). Otherwise, the Penal Code defines "[r]easonable belief" as "a belief that would be held by an ordinary and prudent man in the same circumstances as the actor." *Id.* § 1.07(a)(42).

As for defense of property, "[a] person in lawful possession of land or tangible, movable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other's trespass on the land or unlawful interference with the property." *Id.* § 9.41(a).

After a defendant has introduced some evidence of self-defense or defense of property, the State bears the burden of persuasion to disprove it. *See Braughton*, 569 S.W.3d at 608; *Zuliani v. State*, 97 S.W.3d 589, 594 & n.5 (Tex. Crim. App. 2003). The State's burden does not require it to introduce evidence disproving the defenses; rather, it requires the State to prove its case beyond a reasonable doubt. *Braughton*, 569 S.W.3d at 608. When a jury finds the defendant guilty, there is an implicit finding against the defensive theory. *Zuliani*, 97 S.W.3d at 594. To determine evidentiary sufficiency to disprove a self-defense or defense of property theory, we ask whether, after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the offense beyond a

13

reasonable doubt and also would have found against the appellant on one of the defensive issues beyond a reasonable doubt. *Saxton*, 804 S.W.2d at 914; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

## 2. Analysis of Self-Defense & Defense of Property

Black contends that the evidence is insufficient to support his conviction because the State failed to prove beyond a reasonable doubt that his legal justifications of self-defense and defense of property did not apply. However, Black applies the wrong standard. The State's burden does not require it to introduce evidence disproving the defenses; rather, it requires the State to prove its case beyond a reasonable doubt. *Braughton*, 569 S.W.3d at 608.

We may not act as a thirteenth juror and must not disregard, realign, or reevaluate the weight and credibility of the evidence. *Fountain v. State*, 604 S.W.3d 578, 583 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (discussing evidence to support jury's rejection of self-defense claim). The jury, as factfinder, is entitled to believe or disbelieve all or part of the witness's testimony—even if that testimony is uncontroverted—because the jury has the opportunity to observe the witness's demeanor and appearance. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *see also Braughton*, 569 S.W.3d at 612 ("The jury was free to evaluate [a witness's] testimony and disregard mistakes or inconsistencies while crediting other portions of her testimony.").

14

It is undisputed that Black struck Guerrero in the doorway of Black's apartment. *See Braughton*, 569 S.W.3d at 612. The jurors were entitled to believe all, some, or none of Guerrero's testimony of what happened that day in the doorway of the apartment unit. The jury could have chosen to give credence to Guerrero's testimony that he never swung, pushed, or laid his hands on Black. The jury could have also chosen to disregard Black's statement to police on scene that Guerrero trespassed into his home and got physical with him.

Likewise, the jury could have also weighed the events preceding the encounter—a woman inside Black's apartment who was screaming for help—as a basis for Guerrero's attempted entry to the apartment. The jury could have further found that Guerrero's conduct was necessary to protect Blimline after Black tried to shut the apartment door with her inside. The jury could have rejected Black's defense of property claim since Guerrero was attempting to defend a third person rather than trespass on his land or unlawfully interfere with his property. The jury could have also disregarded Black's defense of property claim based on Blimline's testimony that Black told her and Guerrero that they could go inside his apartment. Finally, the jury could have also disregarded Black's defense of property claim on the basis that Walker was inside the apartment when she yelled for Guerrero and Blimline to "come help." As such, the jury could have determined that it was not reasonable for Black to believe that Guerrero was trespassing when he put his body between the door and the doorframe.

Viewing all of the evidence in the light most favorable to the verdict, we conclude that there is sufficient evidence to support Black's aggravated assault conviction and the jury's implicit rejection of his defenses. *Saxton*, 804 S.W.2d at 914. Accordingly, we overrule his first issue. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Braughton*, 569 S.W.3d at 609.

## C. FAMILY-VIOLENCE FINDING

Black complains in his third and final issue that the evidence was insufficient to support the trial court's finding that the offense involved family violence. The State concedes that the offense did not involve family violence, and it requests that we modify the trial court's judgment to delete the family-violence finding.

Texas Code of Criminal Procedure Article 42.013 requires a trial court to make a family-violence finding "if the court determines that the offense involved family violence." *See Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006). As relevant here, "family violence" is defined as "an act ... against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault." *See* Tex. Fam. Code Ann. § 71.004(1).

To decide whether sufficient evidence supports the factual basis for a trial court's entry of a family-violence finding, we view the record in a light most favorable to the finding and ask whether any rational factfinder could have concluded that the

16

offense involved family violence. *See Couthren v. State*, 571 S.W.3d 786, 789 (Tex. Crim. App. 2019) (reviewing sufficiency of deadly weapon finding); *see also Gomez v. State*, No. 2-09-086-CR, 2010 WL 1730832, at \*1 (Tex. App.—Fort Worth Apr. 29, 2010, pet. ref'd) (mem. op., not designated for publication) (reviewing sufficiency of the evidence to support finding that prior conviction involved family violence).

The jury only convicted Black of aggravated assault against Guerrero. To support a finding of family violence, there must have been evidence that Black and Guerrero were members of the same family or household and that Black's act was intended to result in physical harm, bodily injury, assault, or sexual assault to Guerrero. *See* Tex. Fam. Code Ann. § 71.004(1). The family code defines a "[h]ousehold" as "a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other." *Id.* § 71.005.

Apart from merely living at the same apartment complex—which we do not consider to be the same dwelling—there is no factual basis or evidence that Black and Guerrero were members of the same family or household. Viewing the record in the light most favorable to the finding, we conclude that a rational factfinder could not have found that the offense involved family violence. *See Couthren*, 571 S.W.3d at 789. Accordingly, we sustain Black's third issue.

## IV. CONCLUSION

Having overruled Black's first and second issues, we affirm the trial court's judgment for those issues. Having sustained Black's third issue, we modify the trial

17

court's judgment to delete the finding of family violence.  We affirm the judgment as modified.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 13, 2025